OPINION OF THE COURT
Herbert A. Posner, J.
This is a nonjury trial. Defendant is accused of “Loitering for the Purpose of Engaging in a Prostitution Offense” (Penal Law, § 240.37).
On March 28, 1980 Police Officer Roy Salig, Shield No. 24232 of the 103rd Precinct was assigned to patrol an area considered to be a prostitution prone location. Salig, in plain clothes, was sitting in an unmarked car at 105 Avenue and Waltham Street, at about 6:00 P.M. Defendant Sea-brooks was on the southeast corner of 106 Avenue and Waltham Street. Salig observed (through binoculars) defendant walk over to a vehicle as it approached the curb and converse with someone in the car. The car then drove away. Salig observed the same series of events, repeated with a second car. Salig then observed defendant enter a third vehicle and drive away with the driver. Salig followed the vehicle and saw it stop at a deserted area a few blocks away. Salig approached the vehicle, identified himself and arrested defendant, after noticing that her jeans were unzippered and that she was sitting next to the driver. At *543 this point, the defendant asked him if she could close her unzippered jeans. He said yes and then put her into the police car.
Defendant moves to dismiss for failure to establish a prima facie case.
Subdivision 2 of section 240.37 of the Penal Law states: “Any person who remains or wanders about in a public place and repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons, for the purpose of prostitution, or of patronizing a prostitute as those terms are defined in article two hundred thirty of the penal law, shall be guilty of a violation and is guilty of a class B misdemeanor if such person has previously been convicted of a violation of this section or of sections 230.00 or 230.05 of the penal law.” (Emphasis added.)
Applying the elements of “loitering” to defendant’s conduct, there is no doubt that she was guilty of “remain [ing] or wander [ing] about in a public place and repeatedly * * * stop [ping] motor vehicles”. However, mere “loitering” of this nature is not a crime unless it is for a criminal purpose —in this case, the crime of prostitution (Penal Law, § 230.-00). Thus, the People must satisfy all of the elements in subdivision 2 to make out a prima facie case.
Section 230.00 of the Penal Law (Prostitution) states: “A person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.” Officer Salig did not testify that any moneys or goods (of any description) were given to the defendant or promised to her. An essential element of prostitution is a fee. Free love has never been considered prostitution by any society. Police Officer Salig offered circumstantial evidence that some form of “sexual conduct” had taken place. Even assuming that the evidence was sufficient to convince a trier of the facts, beyond a reasonable doubt, that the defendant had engaged or was about to engage in some form of sexual conduct; there must be some evidence that she was engaging in “sexual conduct” *544 for a fee. Here, there was absolutely none. If as in People v Smith (89 Misc 2d 754) the arresting officer knew that the defendant had previously been arrested for prostitution, then her conduct on this occasion could under these circumstances lead to a reasonable conclusion of guilt. However, where circumstantial evidence is relied on exclusively, the facts must be inconsistent with innocence and exclude to a moral certainty every other reasonable hypothesis (People v Montanez, 41 NY2d 53, 57).
The People having failed to establish the key element of a “fee”, by any evidence at all, the complaint is dismissed at the end of the People’s case.