OPINION OF THE COURT
William Mogulescu, J.
Defendant is charged with loitering for the purpose of *351 prostitution (Penal Law § 240.37 [2]).* By notice of motion, dated November 26, 1990, the defendant moves to dismiss the accusatory instrument on the ground that the information is facially insufficient.
The accusatory instrument states in relevant part:
"Deponent observed the defendant loiter and wander for a period of approximately 10-15 minutes during which time the defendant beckoned to passing traffic and stopped 3 male passers-by and/or motorists.
"Moreover, the defendant’s general deportment and surrounding circimstances [sic] indicated that the defendant was loitering for the purpose of prostitution in that:
"the above location is frequented by people engaged in prostitution, the promotion of prostitution and the patronizing of prostitutes;
"the defendant was in the middle of the street;
"the defendant did not approach female passerbys [sic] or motorists who were in the area;
"there were no open stores or restaurants in the area at the time.”
Penal Law § 240.37 (2) provides as follows: "Any person who remains or wanders about in a public place and repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons, for the purpose of prostitution, or of patronizing a prostitute as those terms are defined in article two hundred thirty of the penal law, shall be guilty of a violation”.
Penal Law § 230.00 states that a person is guilty of prostitution "when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.”
The defendant has moved to dismiss the accusatory instrument pursuant to CPL 170.30 and 170.35. Specifically, defendant argues that the accusatory instrument fails to provide facts of an evidentiary nature which would establish reasonable cause to believe that defendant committed the offense charged.
*352 An information is facially sufficient if it contains facts of an evidentiary nature which support or tend to support the crime charged (CPL 100.15 [3]; People v Dumas, 68 NY2d 729) and contains nonhearsay allegations which establish, if true, every element of the offense charged. (CPL 100.40 [1] [b], [c].) Mere conclusory statements will not suffice. (People v Dumas, supra.) An information which fails to satisfy these requirements is fatally defective. (People v Alejandro, 70 NY2d 133, 139 [1987].)
No bright-line standard has been developed by the courts in examining the sufficiency of a complaint which charges loitering for the purpose of prostitution. However, prior decisions do suggest that for a complaint to be found sufficient for pleading purposes there must be, at a minimum, a confluence of several factors which if true support the inference that the defendant committed the crime charged. In People v White (NYLJ, Jan. 26, 1989, at 22, col 6 [App Term, 1st Dept]), the court, in reviewing the sufficiency of several complaints, found those complaints sufficient where it was alleged that the officer observed defendants remain or wander about a public place, repeatedly beckon, stop or attempt to engage motorists in conversation, where the officer knew the defendants to be prostitutes, and where the area was known for its prostitution-related activities. However, that court found the complaints facially insufficient where there was no allegation that the defendants were known to be prostitutes. The complaint in the instant case contains nothing more in the way of allegations than those found insufficient by the Appellate Term in White.
Again noting the fact that the defendant was allegedly known to be a prostitute, the Appellate Term sustained a complaint which further alleged that the defendant, who wore provocative clothing, beckoned to and stopped five motorists in an area known to be a prostitution-prone location. (People v Jones, NYLJ, Sept. 20, 1989, at 21, col 2 [App Term, 1st Dept].)
In other cases, courts have found complaints sufficient where there was pleaded at. least one fact in addition to those now pleaded in the case before this court. Hence, in People v Smith (89 Misc 2d 754, 756 [App Term, 1st Dept 1977], affd 44 NY2d 613 [1978]), the court found reasonable cause to believe defendant loitered for the purpose of prostitution where the defendant, known to the arresting officer as a prostitute, was standing near other known prostitutes in front of a hotel which catered to prostitutes. In addition, the arresting officer *353 observed the defendant approach male passersby on three occasions, engage them in conversation, and enter the hotel with the last male passerby. (Cf., People v Seabrooks, 105 Misc 2d 542, 542-543 [Crim Ct, Queens County 1980] [court, in finding the People failed to present a prima facie case, distinguished People v Smith, supra, noting that in Smith the arresting officer knew that the defendant had previously been arrested for a prostitution offense]; see, People v Byrd, NYLJ, May 18, 1990, at 21, col 4 [App Term, 1st Dept] [defendant, who wore scanty clothing that exposed her buttocks, repeatedly stopped male motorists, engaged them in conversation, and was in an area known for its high incidence of prostitution].)
In the present case, the People rely on a scant checklist of observations that are purely circumstantial in nature, rather than a more comprehensive recitation of objective conduct. There is, for instance, no allegation that the defendant engaged anyone in conversation, that the defendant was scantily clad or wore provocative clothing, or that the defendant was a known prostitute.
While a complaint may be facially sufficient where it is based solely on circumstantial evidence, the conduct alleged must still provide a reasonable basis from which the most logical inference is that the defendant engaged in the crime charged. Considering the facts alleged, not only is the observed conduct arguably not sanctioned by the provisions of the Penal Law under which defendant is charged, but the observed conduct can be equally equated with an hypothesis of innocence as well as with guilt. While the People need not exclude all other hypotheses in order for a complaint to be facially sufficient, there is a threshold which the People must cross in order to sustain a complaint at the pleading stage. Here, the People did not cross that threshold.
Accordingly, the defendant’s motion to dismiss the accusatory instrument is granted.

 Although the accusatory instrument does not designate the Penal Law provision under which defendant stands charged, it is apparent from a reading of the information that the People intended to charge defendant with a violation of Penal Law § 240.37 (2).