OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered June 3, 2010, reversed, on the law, and the accusatory instrument dismissed.
The underlying accusatory instrument was jurisdictionally invalid, since it failed to set forth a prima facie case of loitering for the purpose of engaging in a prostitution offense under Penal Law § 240.37. The information—comprising the misdemeanor complaint and a check-the-box and fill-in-the-blank form supporting deposition submitted by the arresting police officer— alleged, inter alia, that at 5:20 a.m. on June 3, 2010, at Hudson and Horatio Streets in Manhattan, defendant was observed “remain[ing] and wander[ing] about” for approximately 20 minutes, during which time defendant “beckoned to passing traffic or motorists,” and “engage[d] in conversation with” and “stopped or attempted to stop” “3 passerby (s) [sic] and/or 1 motorists [sic].” These allegations, indicating that defendant repeatedly beckoned, stopped or interfered with passersby, was likely sufficient to establish prima facie the loitering element of the charged offense. However, the “scant checklist of observations” relied on by the People (People v Byrd, 149 Misc 2d 350, 353 [1991])—omitting any reference to the defendant’s appearance, attire or deportment, or the genders of those “beckoned to”—lacked the requisite recitation of “additional objective conduct evincing that the observed activities are for the purpose of prostitution” (People v Smith, 44 NY2d 613, 621 [1978]; People v Byrd, 149 Misc 2d at 352-353). Nor, without more, was such “additional objective conduct” shown by the arresting police officer’s prior experience in prostitution-related arrests or her generalized allegation that the West Village location designated as the crime scene “is frequented by people engaged in prostitution.”
*97 It is said to be “a simple task” for a trained law enforcement officer “to differentiate between casual street encounters and a series of acts of solicitation for prostitution” “based on particulars obvious to and discernible by [such an officer]” (People v Smith, 44 NY2d at 621). The fatal flaw in the People’s pleading here is that it sets forth too few, if any, of those obvious and discernible particulars.
Hunter, Jr., J.P, Lowe, III and Shulman, JJ, concur.