OPINION OF THE COURT
Althea E. Drysdale, J.
The defendant, charged with promoting prostitution in the fourth degree (Penal Law § 230.20 [1]), moves to dismiss the charge, arguing that the information is facially insufficient (CPL 100.15, 170.30, 170.35, 210.20). The People have filed an affirmation in opposition. For the reasons that follow, the defendant’s motion is granted.
The accusatory instrument alleges, in pertinent part, that on or about November 12, 2014 at about 1:24 p.m., at the southeast intersection of Warren Street and Roosevelt Avenue, in Queens County, New York, Police Officer Christop Vanslyck observed the defendant “offer more than ten people business cards that had pictures of women and a phone number on them for individuals to call to meet a prostitute. Deponent further states that the women on the business cards are barely clothed and the words free delivery are also on the cards.” Defendant moves to dismiss the charge, alleging that the information fails to sufficiently support every element of the charge.
An information is facially sufficient if it contains facts of an evidentiary character providing reasonable cause to believe the defendant committed the offense charged. (CPL 100.15 [3]; see People v Casey, 95 NY2d 354, 359 [2000]; see also People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133 [1987].) The allegations must tend to support every element of the charges and the defendant’s commission thereof (see id.). Reasonable cause exists when “evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]). The failure to allege a complete element of a charged offense is a non-waivable jurisdictional defect (see People v Fernandez, 20 NY3d 44, 47 [2012]; People v Dreyden, 15 NY3d 100, 103 [2010]; Casey, 95 NY2d at 366-367; People v Jones, 9 NY3d 259, 263 [2007]).
Additionally, the accusatory instrument should be given “a fair and not overly restrictive or technical reading” where the factual allegations prevent a defendant from being tried twice *1072 for the same offense (Casey, 95 NY2d at 360). Further, reliance on a conclusory factual allegation to support any element of a charge will render the accusatory instrument defective and facially insufficient (see Dumas, 68 NY2d at 731; see also Alejandro, 70 NY2d at 136; People v Courtney, 15 Misc 3d 140[A], 2007 NY Slip Op 51000[U] [App Term, 1st Dept 2007]; People v Santiago, 26 Misc 3d 1205[A], 2009 NY Slip Op 52670[U] [Crim Ct, Queens County 2009]).
A person is guilty of promoting prostitution in the fourth degree under Penal Law § 230.20 (1) when he or she “knowingly . . . [a]dvances or profits from prostitution.” A person “advances prostitution” when,
“acting other than as a prostitute or as a patron thereof, he knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution” (Penal Law § 230.15 [1]).
A person “profits from prostitution” when, “acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of prostitution activity” (Penal Law § 230.15 [2]).
Prostitution is committed when someone “engages or agrees or offers to engage in sexual conduct with another person in return for a fee” (Penal Law § 230.00). It is not necessary for the words “for a fee” to appear in an accusatory instrument alleging that a defendant’s conduct promoted prostitution (see People v Prevete, 10 Misc 3d 78, 80 [App Term, 2d Dept, 9th and 10th Jud Dists 2005]).
Similar to complaints that charge a defendant with promoting prostitution in the fourth degree, accusatory instruments charging defendants with loitering for the purposes of prostitution under Penal Law § 240.37 must set forth factual allegations that provide reasonable cause to believe that the defendant’s conduct has a connection to prostitution. Penal Law § 240.37 (2) provides that
“[a]ny person who remains or wanders about in a *1073 public place and repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons, for the purpose of prostitution, or of patronizing a prostitute . . . shall be guilty of a violation” (emphasis added).
In People v Barker (43 Misc 3d 95 [App Term, 1st Dept 2014]), the Appellate Term found a complaint charging Penal Law § 240.37 insufficient where it set forth too few obvious and discernable factors to allow trained law enforcement to differentiate between a casual street encounter and a series of acts of solicitation for prostitution. Similarly, in a lower court case, People v Byrd (149 Misc 2d 350, 352 [Crim Ct, NY County 1991]), the court found that there must be “at a minimum, a confluence of several factors which if true support the inference that the defendant committed the crime charged!,] [solicitation for prostitution].”
Confined to the four corners of the accusatory instrument, the charge here is facially insufficient. An essential element of the alleged crime is that the defendant profited from or advanced an agreement for engaging in sexual conduct for a fee (Penal Law § 230.20 [1]). The accusatory instrument fails to contain facts of an evidentiary nature that support the allegation that the defendant distributed the business cards as an act to promote prostitution. The business cards allegedly distributed by the defendant are described as showing only images of barely clothed women, a phone number and the words “free delivery.” There is no description of any other communication or text on the cards which may have provided an indication of the purpose for which the cards were created.
Without more regarding the circumstances surrounding the defendant’s conduct, and upon a plain reading of the accusatory instrument, the court finds that the allegation that the phone number on the business cards was provided “for individuals to call and meet a prostitute” is conclusory. The court can only speculate as to whether the cards were indeed intended to promote prostitution or were perhaps an attempt to promote some other legal enterprise.
Although the requirement that the defendant advance or profit from prostitution can encompass a wide array of activities, requiring the factual allegations of an accusatory instrument to support a connection to prostitution is a necessary *1074 standard to protect possible defendants (see Casey, 95 NY2d at 360). Section 230 of the Communications Act of 1934 (47 USC § 201 et seq.), as added by the Communications Decency Act of 1996 (Pub L 104-104, tit V, § 509, 110 US Stat 56), provides immunity from liability for providers and users of an “interactive computer service” who publish information provided by others. This court finds it disturbing that websites such as craigslist are granted immunity under section 230 of the Communications Act, where ads are posted on their website that clearly solicit patrons for prostitution (see 47 USC § 230 [c] [1]; see also Dart v Craigslist, Inc., 665 F Supp 2d 961 [ND Ill 2009]). Meanwhile, scant allegations, like the ones here, result in arrests of people who may have thought that they were distributing business cards for a legal and legitimate business.
Based upon the foregoing reasons, the defendant’s motion is granted. The defendant’s remaining contentions are moot.