OPINION OF THE COURT
Hancock, Jr., J.
Defendant was charged with resisting arrest (Penal Law § 205.30), tried before a jury and convicted on the basis of a misdemeanor information which set forth no factual allegations establishing that the police officer was effecting an authorized arrest. The information was insufficient, on its face because it lacked the necessary nonhearsay allegations which *135 would establish, "if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]; 100.15 [3]). We hold that this omission constituted a jurisdictional defect which was not waived by defendant’s failure to raise the issue until after completion of the trial.
The resisting arrest charge followed an altercation which erupted when police stopped defendant’s car in Brentwood, New York, for alleged traffic violations. The police issued defendant five traffic summonses and charged her in separate informations with resisting arrest, reckless endangerment and assault. Contrary to the mandate of CPL 100.40 (1) (c), the factual part of the misdemeanor information for resisting arrest contained no allegation supporting an essential element of the charge: that the underlying arrest was authorized. Nevertheless, defendant proceeded to trial without objection.
The jury acquitted defendant of reckless endangerment but was unable to reach a verdict on the assault charge. Defendant was convicted of resisting arrest. On her appeal, the Appellate Term unanimously reversed the conviction, on the law alone, and dismissed the information as jurisdictionally defective "inasmuch as it failed to contain any non-hearsay evidentiary allegation establishing that defendant had attempted to resist an alleged authorized arrest.” The People appeal by leave of an Associate Judge of this court. For reasons which follow, we conclude that the information was properly dismissed and that the order of the Appellate Term should, therefore, be affirmed.
I
This misdemeanor information for resisting arrest was unquestionably insufficient on its face (CPL 100.40 [1] [c]). The Penal Law defines resisting arrest as intentionally preventing or attempting to prevent a police officer "from effecting an authorized arrest” (Penal Law § 205.30 [emphasis added]). It is an essential element of the crime of resisting arrest that the arrest be authorized and, absent proof that the arresting officer had a warrant or probable cause to arrest defendant for commission of some offense, a conviction cannot stand (People v Peacock, 68 NY2d 675; People v Carneglia, 63 AD2d 734; People v Harewood, 63 AD2d 876). Thus, to comply with the statute, the factual part of the information for resisting arrest must contain "[n]on-hearsay allegations [which would] establish, if true” (CPL 100.40 [1] [c]) that the underlying arrest was authorized. These essential allegations are omitted from *136 the information here. The factual portion pertains only to defendant’s actions in resisting the arrest.[1]
II
Conceding the facial insufficiency of the information, the significant question is whether the defect is jurisdictional. We conclude that an information which fails to contain nonhearsay allegations establishing "if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]) is fatally defective. This conclusion is compelled by the natural and obvious meaning of CPL 100.40 (1) (c) and CPL 100.15 (3) which establish a specific requirement applicable to informations beyond what is required for the sufficiency of other accusatory instruments and by the evident legislative purpose behind such special requirement, as revealed in an analysis of the pertinent statutes and the relevant legislative history.
CPL 100.40, as it pertains to informations, provides:
"1. An information, or a count thereof, is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15; and
"(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
"(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
CPL 100.40 (1) establishes three conditions for the facial sufficiency of an information. The entire information must be in substantial conformity with CPL 100.15 which prescribes *137 the form and content for informations and for misdemeanor and felony complaints. In addition, the factual part must meet two conditions: (1) that the allegations provide reasonable cause to believe that the defendant committed the offense (subd [b]) and (2) that nonhearsay allegations establish, if true, every element of the offense charged (subd [c]). The "reasonable cause” requirement for a finding of facial sufficiency (subd [b]) is applicable not only to informations but to the other local criminal court accusatory instruments, simplified informations (CPL 100.40 [2]) and misdemeanor and felony complaints (CPL 100.40 [4]; 100.15 [3]; see, e.g., People v Dumas, 68 NY2d 729, 731, holding that because a misdemeanor complaint alone may permit issuance of an arrest warrant [CPL 120.20 (1)] "the requirement for factual allegations of an evidentiary character establishing reasonable cause should be assessed in that light”). The "prima facie case” requirement — that the factual part establish every element of the offense charged (subd [c]) — applies, however, to informations alone.
The legislative purpose of establishing a special and more stringent condition for a finding of facial sufficiency of an information, evident in CPL 100.40 (1) (a), is reaffirmed in CPL 100.15, which provides for the form and content of informations as well as misdemeanor and felony complaints. CPL 100.15 (3) prescribes that: "The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. Where more than one offense is charged, the factual part should consist of a single factual account applicable to all the counts of the accusatory part. The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief. Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions” (emphasis added).
The reason for requiring the additional showing of a prima facie case for an information lies in the unique function that an information serves under the statutory scheme established by the Criminal Procedure Law. An information is often the instrument upon which the defendant is prosecuted for a *138 misdemeanor or a petty offense. Unlike a felony complaint (CPL 180.10), it is not followed by a preliminary hearing and a Grand Jury proceeding. Thus, the People need not, at any time prior to trial, present actual evidence demonstrating a prima facie case, as with an indictment following a felony complaint[2] (compare, CPL 190.65 [1] [a], providing that an indictment must be supported by "legally sufficient evidence” before the Grand Jury to establish that the defendant committed the crime, i.e., "competent evidence, which, if accepted as true, would establish every element of the offense and the defendant’s commission of it” [People v Pelchat, 62 NY2d 97, 105]).
Because an information must, for jurisdictional purposes, contain nonhearsay factual allegations sufficient to establish a prima facie case, a prosecutor’s hearsay statements, set forth in a bill of particulars, cannot supply necessary factual allegations to cure a deficient information. By contrast, an indictment, which presupposes that the Grand Jury, before issuance of the indictment, has found that a prima facie case exists (CPL 190.65 [1] [a]) may, as a pleading, be corrected by a bill of particulars. Thus, People v Iannone (45 NY2d 589), and similar cases, involving the correction of factual deficiencies in indictments cannot be applied to informations and are not on point.
That it was this distinguishing characteristic of an information — its use as the sole instrument upon which the defendant could be prosecuted — which prompted the Legislature to write in the special restrictions applicable to informations found in CPL 100.40 (1) (c) and 100.15 (3) is confirmed by the legislative history leading to the enactment of these sections as part of the Criminal Procedure Law (L 1970, ch 996, § 1). The 1968 Report of the Temporary Commission on the Revision of the Penal Law and Criminal Code states: "Under the proposal, a 'felony complaint’ (the accusatory instrument which commences a felony action in a local criminal court) need only demonstrate 'reasonable cause to believe that the defendant *139 committed the’ felony in question (§ 50.35 [3b]). However, an 'information’ (charging a misdemeanor or petty offense) must demonstrate both 'reasonable cause’ and a 'legally sufficient’ or prima facie case (id. [1-b, c]) — a much more demanding standard. The rationale of this distinction is, in part, that the felony complaint is not the instrument of ultimate prosecution and must be followed by a grand jury proceeding and an indictment based upon legally sufficient grand jury evidence” (Introductory Comments, at xviii; emphasis added).[3]
Our conclusion that the showing of a prima facie case for informations was intended to be of jurisdictional import is supported also by the mandatory nature of the language in CPL 100.15 (3) which underscores in unequivocal terms that nothing contained in the section "limits or affects the requirement [in CPL 100.40 (1) (c) that for facial sufficiency of an information] every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations” (CPL 100.15 [3] [emphasis added]; see, McKinney’s Cons Laws of NY, Book 1, Statutes § 94 [statutory language is generally construed according to its natural and most obvious sense]; § 171 [mandatory provisions of a statute are generally treated as essential and given jurisdictional effect]). In this insistence on a prima facie case for informations, there clearly appears a vital legislative concern that a defendant — who, under the Criminal Procedure Law, can be prosecuted on the basis of an information alone — must have, at least, an assurance that the information contains allegations establishing a legally sufficient case (see, Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.15, at 25; CPL 100.40, at 67).
Our holding that failure to comply with the "prima facie case” requirement for facial sufficiency in CPL 100.40 (1) (c) and 100.15 (3) is a jurisdictional defect is in accord with our decisions in People v Hall (48 NY2d 927) and People v Case (42 NY2d 98). People v Miles (64 NY2d 731) is not to the contrary. There, the claim of jurisdictional defect was that the information failed to allege facts of an evidentiary character under *140 the first sentence of CPL 100.15 (3), not that it lacked the showing of a prima facie case required by the last sentence of CPL 100.15 (3). The cases upon which the People rely (People v Cohen, 52 NY2d 584; People v Jackson, 46 NY2d 721; People v Iannone, 45 NY2d 589, supra; People v Fitzgerald, 45 NY2d 574) deal with the sufficiency of indictments and are, therefore, inapposite.
The order of the Appellate Term should be affirmed.

. The factual part of the information charging defendant with resisting arrest states: "The above-named defendant intentionally prevented or attempted to prevent a peace officer or police officer from effecting an authorized arrest of himself [sic] or another person. To wit: On 1/4/84 at approx. 1035 hrs. at Nimitz Ave., Brentwood, N.Y. Defendant did intentionally resist a lawful arrest of herself by pulling her arms away, kicking your deponent with her high heels, slapping your deponent, attempting to bite same, putting her 1974 Pontiac sedan into reverse while deponent was attempting to remove her from the vehicle, knocking your deponent to the ground.”

. In the case of a misdemeanor complaint, the defendant does not have the protection of a preliminary hearing and Grand Jury action as with a felony complaint. However, the defendant is not required to enter a plea to a misdemeanor complaint (CPL 170.65 [1]). Unless he specifically waives prosecution by information (CPL 170.65 [3]) the misdemeanor complaint must be replaced by an information which meets the requirement for facial sufficiency (CPL 100.40 [1] [c]; 100.15 [3]; 170.35) and the defendant must be prosecuted thereon.

. See also, Staff Comments to the December 1966 Tentative Draft of the Criminal Procedure Law prepared by the Temporary Commission on Revision of the Penal Law and Criminal Code highlighting the proposed change making "reasonable cause” alone sufficient for holding a defendant for action of the Grand Jury and explaining why such relaxed requirement is not recommended for the sufficiency of an information (Staff Comment, Tentative Draft, at 51).