[878 NE2d 1016, 848 NYS2d 600]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW JONES, Appellant.

Argued October 17, 2007; decided November 20, 2007

## POINTS OF COUNSEL

*Nancy E. Little,* New York City, and *Steven Banks* for appellant. The information was jurisdictionally defective as its allegations—that appellant and other individuals were standing on the sidewalk at Seventh Avenue and 42nd Street at 2:00 A.M., causing pedestrians to walk around them—were facially insufficient to establish disorderly conduct under Penal Law § 240.20 (5) and, consequently, to establish a lawful arrest underlying the resisting arrest charge under Penal Law § 205.30. (*People v Carcel,* 3 NY2d 327; *People v Casey,* 95 NY2d 354; *People v Alejandro,* 70 NY2d 133; *Matter of Jahron S.,* 79 NY2d 632; *People v Potwora,* 44 AD2d 207; *People v Chesnick,* 302 NY 58; *People v Munafo,* 50 NY2d 326; *People v Most,* 171 NY 423; *People v Nixon,* 248 NY 182; *People v Pearl,* 66 Misc 2d 502.)

*Robert M. Morgenthau, District Attorney,* New York City (*Paula-Rose Stark* and *David M. Cohn* of counsel), for respondent. The criminal court information was jurisdictionally proper. (*People v Alexander,* 97 NY2d 482; *People v Taylor,* 65 NY2d 1; *People v Hansen,* 95 NY2d 227; *People v Keizer,* 100 NY2d 114; *People v Casey,* 95 NY2d 354; *People v Miles,* 64 NY2d 731; *People v Allen,* 92 NY2d 378; *People v Henderson,* 92 NY2d 677; *People v Alejandro,* 70 NY2d 133; *People v Konieczny,* 2 NY3d 569.)

## OPINION OF THE COURT

CIPARICK, J.

This appeal tests the jurisdictional sufficiency of an information charging disorderly conduct. Because the factual allegations in the accusatory instrument failed to establish a prima facie case, the conviction should be vacated and the information dismissed.

Defendant was charged, by information, with disorderly conduct in Manhattan (Penal Law § 240.20 [5]).[1] The information, tracking the statutory language, states, in part, that on June 12, 2004, at approximately 2:01 A.M., on 42nd Street and Seventh Avenue "defendant, with intent to cause public incon-

---

1. He was also charged with a violation of Penal Law § 205.30 (resisting arrest) which was dismissed upon his plea to disorderly conduct.

venience, annoyance and alarm and recklessly creating a risk thereof, obstructed vehicular and pedestrian traffic." The information further provides a statement by a police officer that:

> "he observed defendant along with a number of other individuals standing around at the above location, to wit a public sidewalk, not moving, and that as a result of defendants' [*sic*] behavior, numerous pedestrians in the area had to walk around defendants [*sic*] . . .

> "[D]eponent directed defendant to move and defendant refused and as deponent attempted to stop defendant, defendant did run."

The next day, June 13, defendant appeared in court with counsel and sought dismissal of the information, contending that it was facially insufficient. The court denied the motion. Defendant then agreed to plead guilty to one count of disorderly conduct in satisfaction of all charges and was sentenced to time served. The Appellate Term later affirmed, with one Justice dissenting. A Judge of this Court granted leave to appeal and we now reverse, vacate the conviction and dismiss the information as facially insufficient.

The factual portion of an information "must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]). Under CPL 100.40 (1) an information is sufficient on its face when:

> "(a) It substantially conforms to the requirements prescribed in section 100.15; and

> "(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and

> "(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof."

Paragraphs (b) and (c) of CPL 100.40 (1), read in conjunction, place the burden on the People to make out their prima facie case for the offense charged in the text of the information. Un-

like misdemeanor or felony complaints, which do not require such a showing in an accusatory instrument, the prima facie requirement is specific to informations (*compare* CPL 100.40 [4]).

"The reason for requiring the additional showing of a prima facie case for an information lies in the unique function that an information serves under the statutory scheme established by the Criminal Procedure Law" (*People v Alejandro*, 70 NY2d 133, 137 [1987]). A defendant charged by information does not have the same safeguards as a defendant charged by a complaint (*see id.* at 138). For instance, a felony complaint will generally be followed by a grand jury proceeding where the People must present evidence demonstrating a prima facie case in order to obtain an indictment (*see* CPL art 190). Likewise, a misdemeanor complaint must be followed by a supporting deposition (*see* CPL 100.40 [4] [b]). Here, the prosecution used an information to bring the case to trial, and thus this instrument must set forth nonhearsay allegations that, if proven to be true, make out every element of the offense charged (*see* CPL 100.40 [1] [c]; 100.15 [3]).

Failure to assert sufficient nonhearsay factual allegations is a jurisdictional defect (*see People v Alejandro*, 70 NY2d at 134-135). To meet the jurisdictional requisite to prosecute defendant for disorderly conduct under Penal Law § 240.20 (5), the People were obliged to set forth a prima facie case that defendant "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . obstruct[ed] vehicular or pedestrian traffic."

The allegations in the information do not meet this burden. Nothing in the information indicates how defendant, when he stood in the middle of a sidewalk at 2:01 A.M., had the intent to or recklessly created a risk of causing "public inconvenience, annoyance or alarm." The conduct sought to be deterred under the statute is "considerably more serious than the apparently innocent" conduct of defendant here (*People v Carcel*, 3 NY2d 327, 331 [1957]). Something more than a mere inconvenience of pedestrians is required to support the charge (*id.* at 332). Otherwise, any person who happens to stop on a sidewalk—whether to greet another, to seek directions or simply to regain one's bearings—would be subject to prosecution under this statute (*see People v Nixon*, 248 NY 182, 185 [1928] [Those congregating on the street display "atrociously bad manners"

by "discommod(ing) some other persons" but such conduct alone does not necessarily give rise to disorderly conduct]).[2]

Thus, as the information fails to set forth a prima facie case of disorderly conduct under Penal Law § 240.20 (5), the accusatory instrument is jurisdictionally defective and must be dismissed. Likewise, the People's request that the resisting arrest charge be reinstated must be denied. Penal Law § 205.30 provides that "[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting *an authorized arrest* of himself or another person" (emphasis added). As the information failed to allege sufficient facts to support the underlying disorderly conduct charge, those facts could not be deemed sufficient to allege that the arrest was "authorized" as required under Penal Law § 205.30.

Accordingly, the order of the Appellate Term should be reversed and the information dismissed.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.

---

2. Both *Carcel* and *Nixon* involved Penal Law § 722, the predecessor statute to Penal Law § 240.20, which provided in part that "any person who, with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned . . . [c]ongregates with others on a public street and refuses to move on when ordered by the police" is guilty of disorderly conduct.