*218 OPINION OF THE COURT
Michael Gerstein, J.
The complaint before us accuses defendant of disorderly conduct (Penal Law § 240.20 [1]), and resisting arrest (Penal Law § 205.30), for allegedly standing on a subway platform and blocking pedestrian traffic. Defendant seeks dismissal of the accusatory instrument for facial insufficiency pursuant to CPL 170.30 (1) (a); 170.35 (1) (a), (b); 100.15 and 100.40. In the alternative, defendant moves to reserve his right to make further motions pursuant to CPL 255.20 (3).
We find, particularly in light of the Court of Appeals decision, last November, in People v Jones (9 NY3d 259 [2007]), that the complaint before us is insufficient. Defendant’s motion is granted, and the complaint dismissed.
The Complaint is Facially Insufficient
In order to be sufficient on its face, an accusatory instrument must allege facts sufficient to provide reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729 [1986].)
The complaint herein states in relevant part: “Deponent [is] informed by Police Officer Kevin Belavsky . . . that, at the above time and place, informant observed defendant blocking the flow of pedestrian traffic on the subway platform by standing in the middle and blocking the free flow of pedestrian traffic at the above mentioned location.”
A. The Complaint Insufficiently Alleges Disorderly Conduct (Penal Law § 240.20 [1])
In order to sustain a charge of disorderly conduct under Penal Law § 240.20 (1), a complaint must allege that
“with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
“1. [Defendant] engages in fighting or in violent, tumultuous or threatening behavior.”
Defendant’s argument is twofold. First, he argues that the complaint fails to allege tumultuous behavior or fighting, and that the People should instead have charged him with violating Penal Law § 240.20 (5), which prohibits the obstruction of pedestrian traffic. Second, defendant argues, pursuant to People v Jones (supra), that merely standing on a subway platform is insufficient to arise to disorderly conduct. The People counter that by blocking pedestrian traffic on a subway platform, defen *219 dant created a public risk that passers-by might fall into the tracks.
While blocking or shoving pedestrians on a narrow platform . might well create a public risk, the statute under which defendant is charged requires fighting, threats or tumult. (Penal Law § 240.20 [1].) The complaint before us, rather than alleging tumult, faults defendant for standing still. Even assuming, arguendo, that defendant intended to create public alarm, the People have failed to allege a necessary element of the crime, rendering the complaint jurisdictionally deficient. (People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, supra.)
Moreover, as the Court of Appeals recently reiterated in People v Jones (supra), standing still and inconveniencing a pedestrian does not amount to disorderly conduct.* “Something more than a mere inconvenience of pedestrians is required to support the charge . . . Otherwise, any person who happens to stop on a sidewalk — whether to greet another, to seek directions or simply to regain one’s bearings — would be subject to prosecution” for disorderly conduct. (People v Jones, 9 NY3d 259, 262 [2007]; see also Staff Notes of Temp St Commn on Rev of Penal Law and Crim Code, 1964 Proposed NY Penal Law [Study Bill, 1964 Senate Intro 3918, Assembly Intro 5376] § 250.05, at 388 [the disorderly conduct statute is “designed to proscribe only that type of conduct which has a real tendency to provoke public disorder”].) Like the complaint dismissed in People v Jones (supra), the complaint herein is silent as to whether defendant was actively blocking commuters, preventing others from boarding a train, or merely consulting a subway map, and therefore fails to allege the necessary intent required by the statute.
The People attempt to distinguish this case from Jones on the grounds that a sidewalk is different from a subway platform (People’s aff at 3). We agree with the distinction, but take judicial notice that unlike a sidewalk, which is designed for walking, the expected behavior of individuals on a subway platform is to stand in one place, usually near the particular car that is closest to the desired exit at the station where they intend to disembark, until the arrival of the next train. The People’s assertions, citing People v Munafo (50 NY2d 326 [1980]), that defendant was standing near potentially hazardous train tracks, ignored a police officer’s request to move or cre *220 ated the risk that someone could fall from the platform (People’s aff at 1) are absent from the complaint, and there is therefore nothing to distinguish defendant’s conduct from that of the other commuters waiting for the subway.
We therefore find that the complaint alleges neither the disruptive intent nor the tumultuous conduct necessary to sustain a charge of Penal Law § 240.20 (1). Defendant’s motion to dismiss this count is accordingly granted.
B. The Complaint Insufficiently Alleges Resisting Arrest under Penal Law § 205.30
The People argue in the alternative, citing People v Williams (25 NY2d 86 [1969]) and People v Vogel (116 Mise 2d 332 [App Term, 2d Dept 1982]), that even if the complaint insufficiently alleges disorderly conduct, the count of resisting arrest has been properly pleaded. They argue that the lawfulness of defendant’s arrest, which defendant contests, is an issue that should be reserved for trial. We disagree.
Resisting arrest (Penal Law § 205.30), criminalizes the act of “intentionally preventing] or attempting] to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” A necessary element under this statute is therefore the requirement that the arrest be made in accordance with the law, thus premised on probable cause. (People v Jensen, 86 NY2d 248 [1995]; People v Alejandro, 70 NY2d 133 [1987].)
The People’s argument that the issue of probable cause should be determined at trial is unconvincing in this case. The lawfulness of defendant’s arrest is an element of the crime, and therefore must be alleged in the complaint. (People v Dumas, supra.) The Court of Appeals has twice dismissed complaints that failed to establish probable cause for defendant’s arrest. (People v Alejandro, supra [dismissing a complaint that failed to establish probable cause for defendant’s arrest]; People v Peacock, 68 NY2d 675 [1986] [a complaint merely stating that the arresting officer observed defendant arguing with another person and crying failed to establish probable cause, and could not sustain a charge of resisting arrest].)
While the People cite cases holding that a defendant can be convicted of resisting arrest without being convicted of an underlying crime (see People v Williams, supra), the complaint fails to allege facts that would have given the police officer probable cause to arrest the defendant. (See discussion supra.) In this state, standing on a subway platform is not an offense worthy of arrest. (See People v Jones, supra.)
*221 Conclusion
For the foregoing reasons, we find that the complaint insufficiently alleges disorderly conduct and resisting arrest. Defendant’s motion to dismiss the instrument pursuant to CPL 170.30 (1) (a); 170.35 (1) (a), (b); 100.15 and 100.40 is therefore granted.

 The Jones decision appears to have partially overruled, sub silentio, the Court’s previous ruling in People v Todaro (26 NY2d 325 [1970]).