OPINION OF THE COURT
Doris M. Gonzalez, J.
*466 On or about November 28, 2009, defendant Steve Tosca was arraigned on a charge of promoting prison contraband in the second degree pursuant to Penal Law § 205.20 (1). It is alleged that on or about November 28, 2009, at 1:00 a.m., when the defendant arrived at 215 East 161st to be arraigned, he was searched by the Department of Correction at Bronx Central Booking, where the defendant had on his person two unused syringes.
Upon the court’s review of the applicable law and: (1) the notice of omnibus motion and affirmation in support by Benjamin D. Gold, Esq., dated December 3, 2009, for an order to: (a) dismiss the accusatory instrument pursuant to CPL 170.30 (1) (a); 100.15 and 100.40; (b) suppress evidence pursuant to CPL 710.20 (1); (c) preclude the introduction of identification and statement evidence; and (d) direct the People to disclose defendant’s prior uncharged criminal, vicious or immoral acts pursuant to CPL 240.43; (2) the affirmation in opposition by Brooke Schiferle-Goldfarb, awaiting admission, dated January 28, 2010; (3) the court file; and (4) the transcript of the arraignment of November 28, 2009; and due deliberation, it is hereby ordered that the defendant’s motion to dismiss is granted in its entirety; and it is further ordered that any and all other motions are denied as moot.
Facts
On November 27, 2009, at 2:15 p.m., the defendant was arrested in the County of Bronx and charged with criminal possession of a controlled substance in the seventh degree pursuant to Penal Law § 220.03. The defendant was waiting to be arraigned on November 28, 2009, when he was brought to Bronx Central Booking, 215 East 161st Street. Although the defendant was still in the custody of the New York City Police Department, he was searched by the Department of Correction and was found to be in possession of two unused syringes. As a result of the search, the defendant was also charged with promoting prison contraband in the second degree pursuant to Penal Law § 205.20 (1) under a separate docket.
The defendant was arraigned on both dockets, before the Honorable Barbara Newman, in Criminal Court, on November 28, 2009. The defendant pleaded guilty to the charge of criminal possession of a controlled substance pursuant to Penal Law § 220.03 in full satisfaction of one docket, and was sentenced to three days in jail. On the second docket the defendant pleaded *467 not guilty to promoting prison contraband. On the remaining docket the court set a motion schedule and adjourned the case for decision. The defendant was released on his own recognizance on the second docket.
Discussion
In order to be sufficient on its face, an accusatory instrument must allege sufficient facts to support every element of the crime alleged and the defendant’s commission thereof. (CPL 100.40; People v Alejandro, 70 NY2d 133 [1987].) It must establish, through nonhearsay allegations, each and every element of the offense charged and defendant’s commission thereof.
Penal Law § 205.20 (1) states that the defendant shall not knowingly and unlawfully introduce any contraband into a detention facility. The contraband to be considered would be two unused syringes.
In the instant case, the issue to be determined is whether or not Bronx Central Booking, which is manned by the New York City Department of Correction, constitutes a detention facility. This court determines that Bronx Central Booking is not a detention facility.
By definition, pursuant to Penal Law § 205.00 (1), “Detention Facility” means
“any place used for the confinement, pursuant to an order of a court, of a person (a) charged with or convicted of an offense, or (b) charged with being or adjudicated a youthful offender, person in need of supervision or juvenile delinquent, or (c) held for extradition or as a material witness, or (d) otherwise confined pursuant to an order of a court.”
The mere fact that the Department of Correction secures the pens at Bronx Central Booking while defendants are awaiting arraignment while still in the Police Department’s custody does not in itself make Bronx Central Booking a detention facility. Furthermore, defendants awaiting arraignment at Bronx Central Booking are lodged temporarily in the police command/ detective squad holding pens until such time as they are released or ordered to the Department of Correction. (See New York City Police Department Patrol Guide Manual § 210-08 [“Guidelines For Prisoner Holding Pens”].)
Historically, a detention facility has been intended to mean a facility where a defendant/juvenile sentenced prisoner is sent pursuant to a directive by a court. Although this case is distin *468 guishable from any existing case law regarding Penal Law § 205.00, it is clear that a detention facility has meant any place used for the confinement of a person pursuant to an order of a court. The legislative intent (Sponsor’s Mem, Bill Jacket, L 1972, ch 207) has been consistent. “Detention Facility” refers to confinement pursuant to an order of a court.
Since in this case the location in question is Bronx Central Booking, and defendant is awaiting arraignment, there is no court order mandating the defendant to a detention facility. Typically, such order will be a “securing order” pursuant to CPL 500.10 (5), entered at the defendant’s arraignment, whereby the court orders the defendant committed to the custody of the public servant in charge of the local correctional facility.
If this court were to determine that Bronx Central Booking is a detention facility, such a determination would be contra the legislative intent when the law was amended. This court concedes that it does not have the power to create law. The court can only interpret and apply the law. The legislature is the branch of government that is empowered to change the law to include Bronx Central Booking.
Lastly, the Penal Law § 205.20 criminal jury instruction defines “detention facility” as any place used for the confinement, pursuant to an order of a court, of a person. (CJI[NY] Penal Law § 205.20.)
Conclusion
Given the foregoing, the facts, and applicable law, it is clear that Bronx Central Booking is not a detention facility. Therefore, since the defendant was not in a detention facility he cannot be charged with promoting prison contraband, and the complaint must be dismissed.