OPINION OF THE COURT
Michael F. McKeon, J.
Defendant was charged with forcible touching, sexual abuse in the second degree and harassment in the second degree arising out of an incident that occurred while he was working at an adult residential treatment facility. Defendant brought an omnibus motion requesting, inter alia, dismissal of the information claiming that it was insufficient on its face. Following oral argument, this court reserved on the issue of sufficiency of the information.
Defendant was charged by a document labeled a misdemeanor information. The document was signed by an investigator who did not have personal knowledge of the facts of the offense. The misdemeanor information contains an accusatory part and a factual part and specifically states where the source of the factual information came from. Attached to the information are two additional documents, which the court, for reasons stated herein, will refer to as supporting depositions: one signed by the victim and one signed by a witness.* Each supporting deposition merely states that the affiant has “read the accusatory instrument filed in this action. The facts stated in that instrument to be on information furnished by me are true upon my personal knowledge.” No additional facts regarding the alleged incident are included in either supporting deposition. Defendant argues that these supporting depositions fail to provide the nonhearsay evidence required to support the facts alleged in the information.
A local criminal court information is sufficient if it contains nonhearsay allegations which, if true, support or tend to support every element of the crime charged and the defendant’s commission thereof (CPL 100.15 [3]; see People v Jones, 9 NY3d 259 [2007]; People v Alejandro, 70 NY2d 133 [1987]). While failure to assert sufficient factual allegations is a jurisdictional defect, the information need not “contain the most precise words or phrases most clearly expressing the charge” in order to be found sufficient (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005]; see People v Jones, 9 NY3d 259 [2007]). So long as the factual allegations of an information give an *924 accused sufficient notice to prepare a defense, they should not be given an overly restrictive or technical reading (see People v Casey, 95 NY2d 354 [2000]).
Defendant argues that the practice of using the type of supporting deposition, or affidavit, used here is a custom of New York City and not elsewhere in the state. He argues that there are no courts outside of the five boroughs that have accepted this practice. While the case law in this respect may be mostly limited to the New York City area, this does not make accusatory instruments such as the one at issue here defective when used outside of that area. The analysis and applicability is the same.
“A supporting deposition is a written instrument accompanying or filed in connection with [an accusatory instrument], subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein” (CPL 100.20).
There is no requirement in the Criminal Procedure Law that the supporting depositions used here contain additional information (see People v Phillipe, 142 Misc 2d 574 [Crim Ct, Kings County 1989]). The supporting depositions comply with the statute in that they were filed with the information; are subscribed and verified by persons other than the complainant investigator; contain factual allegations of an evidentiary character based upon information provided from personal knowledge, albeit in reference back to the accusatory instrument; and supplement the accusatory instrument and support the charges contained therein (see e.g. People v Concepcion, 36 Misc 3d 551 [Crim Ct, NY County 2012]).
Certainly, when taken together with the misdemeanor information, the supporting depositions provide the necessary nonhearsay allegations to support the charges. The victim and witness each attest to having read the accusatory instrument and that the facts stated to have been furnished by them are true upon their personal knowledge. Such an acknowledgment alone is enough to render the information sufficient; additional factual allegations are unnecessary (see People v Smalls, 36 Misc 3d 1226[A], 2012 NY Slip Op 51518[U] [Sup Ct, Bronx County 2012]).
*925 The court has considered defendant’s remaining contentions and finds them to be without merit.
Accordingly, defendant’s motion to dismiss the information is hereby denied.

 The People refer to these two additional documents as “corroborating affidavits,” while defendant refers to them simply as “affidavits.”