The People of the State of New York, 
 Respondent, 
against
Juan Torres, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Larry R.C. Stephen, J.), rendered January 8, 2013, after a nonjury trial, convicting him of disorderly conduct, and imposing sentence.
Per Curiam.
Judgment of conviction (Larry R.C. Stephen, J.), rendered January 8, 2013, reversed, on the law, and accusatory instrument is dismissed.
The misdemeanor information charging defendant with disorderly conduct by obstructing pedestrian traffic (see Penal Law § 240.20[5]), was jurisdictionally defective, since it failed to allege "the essential element of either intent or recklessness" (People v Tarka, 75 NY2d 996, 997 [1990]). Defendant's requisite intent to threaten public safety, peace or order, or recklessness in creating such a risk (see People v Baker, 20 NY3d 354, 359 [2013]; People v Weaver, 16 NY3d 123, 128 [2011]), is not fairly inferable from police allegations that defendant was "sitting on a stoop in front of the entrance" to a specified "residential building" and that this "behavior created a public inconvenience in that .... approximately five (5) other tenants of the building [] were forced to walk around the defendants in order to gain entry into the building." At most, the pleaded allegations showed that defendant caused momentary inconvenience to a few tenants, which is not sufficient to satisfy the requisite public harm element of the disorderly conduct statute (see People v Jones, 9 NY3d 259, 262 [2007] ["Something more than a mere inconvenience of pedestrians is required to support the charge"]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 5, 2020