People v Maeder (2020 NY Slip Op 51278(U))

[*1]

People v Maeder (Candy)

2020 NY Slip Op 51278(U) [69 Misc 3d 135(A)]

Decided on October 29, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 29, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1004 S CR

The People of the State of New York,
Respondent,
against
Candy Maeder, Appellant. 

Raymond Negron, for appellant.
Office of the Brookhaven Town Attorney (Edward A. Flood of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Sixth District (James P.
Flanagan, J.), rendered May 23, 2019. The judgment convicted defendant, after a nonjury trial, of
failing to install carbon monoxide alarms and detectors in violation of Brookhaven Town Code
§ 82-3 (M), and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the accusatory
instrument is dismissed, and the fine, if paid, is remitted.
Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of
failing to install carbon monoxide alarms and detectors in violation of Brookhaven Town Code
§ 82-3 (M). On appeal, defendant contends, among other things, that the accusatory
instrument is facially insufficient and that the evidence was legally insufficient.
In order for an information to be facially sufficient, it (and/or any supporting depositions
accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that
establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1]
[c]; People v Jones, 9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354
[2000]; People v [*2]Alejandro, 70 NY2d 133 [1987]).
The failure to meet the above requirements is jurisdictional and can be asserted at any time
(see People v Casey, 95 NY2d at 363; People v Alejandro, 70 NY2d at 135), with
the exception of hearsay which, insofar as is relevant to this appeal, is waived if it is not timely
raised by motion in the trial court (see People v Kalin, 12 NY3d 225 [2009]; People v
Casey, 95 NY2d at 364-365). The law does not require that an information contain the most
precise words or phrases which most clearly express the thought; rather, " '[s]o long as the factual
allegations of an information give an accused notice sufficient to prepare a defense and are
adequately detailed to prevent a defendant from being tried twice for the same offense, they
should be given a fair and not overly restrictive or technical reading' " (People v
Konieczny, 2 NY3d 569, 575 [2004], quoting People v Casey, 95 NY2d at 360;
see also People v Sedlock, 8 NY3d 535, 538 [2007]). An "information that is facially
insufficient is jurisdictionally defective and must be dismissed" (People v Sumter, 151 AD3d 556,
557 [2017]; see also People v Jones, 9 NY3d at 263).
Brookhaven Town Code § 82-3, "Neighborhood preservation requirements," states, in
pertinent part, as follows:
"M. Carbon monoxide alarms and detectors shall be installed on every habitable
floor of any dwelling, structure or accessory structure with a carbon monoxide source, in
accordance with the New York State Uniform Fire Prevention and Building Code and Town
Code Chapters 16 and 30."
The factual portion of the information alleges
that defendant owns the premises and that on January 31, 2017, "your deponent observed that the
subject dwelling failed to have carbon monoxide alarms and detectors installed in the dwelling at
the subject premises." Since the information does not allege that the dwelling had a carbon
monoxide source, the information fails to allege every element of the offense charged
(see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d at 261-263;
People v Casey, 95 NY2d 354; People v Alejandro, 70 NY2d 133).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 29, 2020