People v Bank of Am., N.A. (2021 NY Slip Op 21064)

People v Bank of Am., N.A.

2021 NY Slip Op 21064 [71 Misc 3d 15]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 9, 2021

[*1]

The People of the State of New York, Respondent,
v
Bank of America, N.A., Also Known as Bank of America, National Association, Successor by Merger to Merrill Lynch Credit Corp., Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, March 18, 2021

APPEARANCES OF COUNSEL

David A. Gallo & Associates, LLP (Robert Link of counsel) for appellant.
Sahn Ward Coschignano, PLLC (Michael H. Sahn, Jon A. Ward, Joshua D. Brookstein, Joseph R. Bjarnson and Ralph Branciforte of counsel) for respondent.

{**71 Misc 3d at 16} OPINION OF THE COURT

Memorandum.

Ordered that the judgments of conviction are reversed, on{**71 Misc 3d at 17} the law, the accusatory instruments are dismissed and the fines, if paid, are remitted.
Following a nonjury trial, defendant was convicted of two charges of creating a hazardous or offensive condition on December 22 and December 29, 2018, respectively, in violation of Old Westbury Village Code § 147-1 (H), two charges of unlawfully using property on December 22 and December 29, 2018, respectively, in a B-4 residence district for the non-permitted commercial use of renting it out as a venue for a party open to the public in violation of Old Westbury Village Code § 216-22.3, and two charges of unlawfully using property on February 12, 2019, and June 16, 2019, respectively, in a B-4 residence district for the non-permitted use of a commercial rental in violation of Old Westbury Village Code § 216-22.3.
On appeal, defendant contends, among other things, that the accusatory instruments are facially insufficient. In order for an information to be facially sufficient, it (and/or any supporting depositions accompanying it) must allege nonhearsay allegations of fact of an [*2]evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]). The failure to meet the above requirements is jurisdictional and can be asserted at any time (see People v Casey, 95 NY2d at 363; People v Alejandro, 70 NY2d at 135), with the exception of hearsay which, insofar as is relevant to this appeal, is waived if it is not timely raised by motion in the trial court (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d at 364-365). The law does not require that an information contain the most precise words or phrases which most clearly express the thought; rather, " '[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' " (People v Konieczny, 2 NY3d 569, 575 [2004], quoting People v Casey, 95 NY2d at 360; see also People v Sedlock, 8 NY3d 535, 538 [2007]). An "information that is facially insufficient is jurisdictionally defective and must be dismissed" (People v Sumter, 151 AD3d 556, 557 [2017]; see also People v Jones, 9 NY3d at 263).
The Old Westbury Village Code § 147-1 (H) Charges
[1] Chapter 147 of the Old Westbury Village Code, entitled "Peace and Good Order," provides that
{**71 Misc 3d at 18}
"[a]ny person who, with intent to provoke the public peace and good order of the Village or whereby a breach of the peace and good order may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: . . .
"H. Creates a hazardous or offensive condition by any act which serves no legitimate purpose" (Old Westbury Village Code § 147-1).
The two accusatory instruments charging defendant with violating Old Westbury Village Code § 147-1 (H) provide that defendant did so "by unlawfully creating a hazardous or offensive condition by any act which serves no legitimate purpose." They do not state that defendant, "with intent to provoke the public peace and good order of the Village or whereby a breach of the peace and good order may be occasioned," created a hazardous or offensive condition (Old Westbury Village Code § 147-1). By omitting the foregoing relevant language, which includes the required mens rea, the instruments did not allege every element of the offense and failed to give defendant sufficient notice so that it could prepare a defense and prevent it from being tried twice for the same offense (see e.g People v Konieczny, 2 NY3d at 575; People v Casey, 95 NY2d at 360). Consequently, so much of the accusatory instruments charging defendant with violating Old Westbury Village Code § 147-1 (H) on December 22 and December 29, 2018, are jurisdictionally defective and must be dismissed (see People v Sanson, 59 Misc 3d 4, 8 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
The Old Westbury Village Code § 216-22.3 Charges
Section 216-22.3, "Permitted uses," of article IVA, "B-4 Residence Districts," of chapter 216, "Zoning," states that "[n]o building shall be erected, altered or used and no lot or premises may be used except for one or more of the purposes set forth in § 216-12 of Article IV of this chapter." Section 216-12, "Permitted uses," of article IV, "BB Residence Districts," states that "[n]o building may be erected, altered or used, and no lot or premises may be used, except for the following purposes: A. Detached single-family dwelling. B. The office of a physician, dentist, lawyer, teacher, architect or other professional person residing in the main dwelling."
With respect to the December 22 and December 29, 2018 Old Westbury Village Code § 216-22.3 charges, the two accusatory instruments state that the property was being "rented and [*3]{**71 Misc 3d at 19}used as a venue for a party open to the public," and that such use "is prohibited." These factual allegations, which are of an evidentiary character, establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d at 261-263; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]).
[2] With respect to the February 12, 2019 and June 16, 2019 Old Westbury Village Code § 216-22.3 charges, the factual allegations of the two accusatory instruments allege that the property was being rented and occupied by David Levine on February 12, 2019, and by Nnamdi Ukasoanya on June 16, 2019, and that "a rental property for profit [is] a prohibited commercial use." However, neither Old Westbury Village Code § 216-22.3 nor § 216-12 prohibit the rental of property in a B-4 residential district so long as the ultimate use of the property is as a single family residence. As here, the accusatory instruments do not set forth any ultimate use of the property in violation of the permitted uses, and, thus, they do not provide defendant with sufficient notice so that it could prepare a defense and prevent it from being tried twice for the same offense (see e.g People v Konieczny, 2 NY3d at 575; People v Casey, 95 NY2d at 360). Consequently, the portions of the accusatory instruments charging defendant with violating Old Westbury Village Code § 216-22.3 on February 12, 2019, and June 16, 2019, are jurisdictionally defective and must be dismissed (see People v Jones, 9 NY3d at 263; People v Sumter, 151 AD3d at 557).
Defendant also contends that the judgments of conviction must be reversed because the evidence was legally insufficient in that the People failed to establish defendant's actus reus consisting of a voluntary act or an omission, as it had no control over, or legal relationship with, the occupants, and no ability to control their conduct. It is uncontroverted that Old Westbury Village Code § 216-22.3 is a strict liability offense.
Penal Law § 15.10, "Requirements for criminal liability in general and for offenses of strict liability and mental culpability," provides that
"[t]he minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing. If such conduct is all that is required for commission of a particular offense, or if an offense or{**71 Misc 3d at 20} some material element thereof does not require a culpable mental state on the part of the actor, such offense is one of 'strict liability.' If a culpable mental state on the part of the actor is required with respect to every material element of an offense, such offense is one of 'mental culpability.' "
A strict liability offense does away with the mens rea (guilty mind) requirement, leaving the People's burden only to prove, beyond a reasonable doubt, the actus reus (guilty act) element. An actus reus can be any voluntary action taken, or the failure to take a required action, i.e., an omission.
Upon a review of the evidence adduced at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally insufficient to establish defendant's guilt of unlawfully using property in a B-4 residence district for the non-permitted use of renting it out as a venue for a party open to the public in violation of Old Westbury Village Code § 216-22.3, as the People failed to prove, [*4]beyond a reasonable doubt, the required actus reus.
At trial, it was established that defendant had held the mortgage on the subject property since 2002. When the homeowners stopped paying the mortgage in 2010, a foreclosure sale took place on October 9, 2018. After no successful bids were made at the auction, the property reverted back to defendant. A referee's deed was conveyed to defendant on November 29, 2018, which was recorded on January 3, 2019. Thereafter, defendant commenced a holdover proceeding on January 11, 2019, and received a final judgment of possession on August 22, 2019. On December 22, 2018, at about 11:45 p.m., a police officer responded to a suspicious person on the street on which the subject property is located, where the officer saw 30 to 40 cars erratically parked at the property. The officer then spoke to a security guard outside of the house on the property and to a female named Abigail, who told him that she was the hostess of the party which was for her birthday, and that the house had been rented for the party. He subsequently entered the house and observed a dance party with about 100 people, a disc jockey and a bar serving alcohol. On December 27, 2018, the superintendent of buildings for the Village of Old Westbury was informed about the December 22nd incident, contacted defendant and informed defendant about the party. On December{**71 Misc 3d at 21} 29, 2018, the officer returned to the property, at about 3:11 a.m., in response to a call of shots being fired, and observed about 50 vehicles trying to leave the property, a male who had been shot in the leg, and a disc jockey removing his equipment from the house. The officer spoke to the disc jockey who told him that he had been hired to work at the party in the house that night.
[3] No evidence was presented that the property had been rented for a party on December 29th, and, in any event, the evidence adduced at trial otherwise failed to establish that defendant had voluntarily used the property on either December 22 or December 29, 2018, as a venue for party rentals. Since the evidence established that defendant was first informed that the property was being used as a party venue on December 27th, and in a little over two weeks defendant had commenced a summary proceeding to gain possession of the property, the People failed to establish, beyond a reasonable doubt, that defendant had committed an act of criminal omission by failing to take a required action. Consequently, the judgments convicting defendant of violating Old Westbury Village Code § 216-22.3 on December 22 and December 29, 2018, must be reversed and the relevant portions of the accusatory instruments charging that offense dismissed.
Accordingly, the judgments of conviction are reversed and all of the accusatory instruments are dismissed.
Ruderman, P.J., Garguilo and Emerson, JJ., concur.