People v Vanderveer (2021 NY Slip Op 50356(U))

[*1]

People v Vanderveer (Donald)

2021 NY Slip Op 50356(U) [71 Misc 3d 133(A)]

Decided on April 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2016-256 S CR

The People of the State of New York,
Respondent,
against
Donald Vanderveer, Appellant. 

Patricia Weiss, for appellant.
East Hampton Town Attorney's Office (NancyLynn Thiele of counsel), for respondent.

Appeal from seven judgments of the Justice Court of the Town of East Hampton, Suffolk
County (Steven Tekulsky, J.), rendered November 30, 2015. The judgments convicted defendant,
upon jury verdicts, of three charges of violating East Hampton Town Code § 102-7 (A) (1),
three charges of violating East Hampton Town Code § 102-14 (A), and one charge of
violating East Hampton Town Code § 102-14 (C), respectively, and imposed
sentences.

ORDERED that the judgments of conviction are reversed, on the law, the accusatory
instruments are dismissed, and the fines, if paid, are remitted.
Insofar as is relevant to this appeal, following a jury trial, defendant was convicted of three
charges of not having a building permit for three truck bodies (truck body nos. 1, 2 and 3) in
violation of East Hampton Town Code (Code) § 102-7 (A) (1), three charges of not having
a certificate of occupancy for the aforementioned three truck bodies in violation of Code §
102-14 (A), and one charge of change in use in violation of Code § 102-14 (C),
respectively.
At the trial, the theory of the People's case was that defendant was illegally using his property
for commercial landscaping purposes which constituted a change in use from residential to
commercial, and that defendant had three truck bodies on the property for which no building
permits or certificates of occupancy had been obtained. The owners of property abutting
defendant's property testified that they had purchased their property in 1986 and did not begin to
see the commercial use of defendant's property until 2014. A Town of East Hampton ordinance
enforcement officer testified that, to constitute a pre-existing condition, any warehousing and
storage on the property had to have continuously occurred since before 1957. Defendant testified
that his mother owned the property, that she died in 1984, that he was her sole heir and was [*2]appointed executor of her estate, and that he had yet to probate her
will. Defendant also stated that, starting in 1949, his property has always been used for the
warehousing and storage of commercial goods, has never been used for commercial landscaping,
and the warehousing and storage has been continuous up until the time of the trial. Defendant's
witnesses provided testimony regarding the use of defendant's property for warehousing or
storage from the 1960s to the present.
Defendant contends on appeal, among other things, that the accusatory instruments were
facially insufficient. In order for an information to be facially sufficient, it, and/or any supporting
depositions accompanying it, must allege nonhearsay allegations of fact of an evidentiary
character that establish, if true, every element of the offense charged (see CPL 100.15 [3];
100.40 [1] [c]; People v Jones, 9
NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v
Alejandro, 70 NY2d 133 [1987]). The failure to meet the above requirements is jurisdictional
and can be asserted at any time (see People v Casey, 95 NY2d at 363; People v
Alejandro, 70 NY2d at 135), with the exception of hearsay which, insofar as is relevant to
this appeal, is waived if it is not timely raised by motion in the trial court (see People v Kalin, 12 NY3d 225
[2009]; People v Casey, 95 NY2d at 364-365). An "information that is facially
insufficient is jurisdictionally defective and must be dismissed" (People v Sumter, 151 AD3d 556,
557 [2017]; see also People v Jones, 9 NY3d at 263).
With respect to the building permit charges, Code § 102-7 (A) (1) provides that,
"[w]ithout having first obtained a building permit[,] . . . no person . . . shall . . . [c]ommence,
cause or continue the erection, construction, enlargement, removal, improvement, transportation
or demolition of any building or structure, or any portion thereof, unless a particular provision of
the Code explicitly exempts the particular action from the need for a building permit." With
respect to the certificate of occupancy charges, Code § 102-14 (A) provides that "[n]o
building or structure hereafter erected shall be used or occupied" in whole or in part until a
certificate of occupancy shall have been issued by the building inspector. Code § 255-1-20
defines a building as a "structure with a roof supported by columns, posts or walls" and provides
that "[e]very building is also a structure." That Code section further defines a structure as
"[a]nything including any building which is constructed or erected on or under the ground or the
water or upon another structure or building, including driveways, walkways, decks, patios . . .
parking areas. . . fences, walls, berms, tennis courts, swimming pools, sewage disposal or
drainage devices, bulkheads, jetties, docks, piers and any other improvement, fabrication,
impervious surface or other construction, whether or not intended to be temporary, seasonal or
permanent."
The relevant factual portions of the informations charging defendant with violating Code
§ 102-7 (A) (1) and Code § 102-14 (A), respectively, state that defendant, "as person
in control" of the property in question, violated Code § 102-7 (A) (1) "by failing to obtain a
building permit for a truck body" (as to truck body nos. 1, 2 and 3), and violated Code §
102-14 (A) "by failing to obtain a certificate of occupancy for a truck body" (as to truck body
nos. 1, 2 and 3). The foregoing allegations do not allege facts of an evidentiary nature which
establish that a truck body is a building or structure within the meaning of the Code (see
Code § 255-1-20; People v
Lepper, 66 Misc 3d 133[A], 2019 NY Slip Op 52117[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2019]). Moreover, with respect to Code § 102-7 (A) (1), the
informations also fail to allege facts of an evidentiary nature which establish that defendant
"[c]ommence[d], cause[d] or [*3]continue[d] the erection,
construction, enlargement, removal, improvement, transportation or demolition of any building
or structure" (see e.g. People v
Lepper, 66 Misc 3d 133[A], 2019 NY Slip Op 52117[U]; People v Baumgarten, 37 Misc 3d
131[A], 2012 NY Slip Op 51980[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
In addition, the informations charging defendant with violating Code § 102-14 (A) fail to
allege facts of an evidentiary nature which establish that the truck bodies were "hereafter erected"
and were being "used or occupied" (see
e.g. People v Lepper, 66 Misc 3d 133[A], 2019 NY Slip Op 52117[U]; People v
Pitti, 63 Misc 3d 164[A], 2019 NY Slip Op 50935[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2019]; People v Cusack,
34 Misc 3d 151[A], 2012 NY Slip Op 50299[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2012]). Consequently, as the respective informations do not establish every element of
violations of Code §§ 102-7 (A) (1) and 102-14 (A) as required by CPL 100.15 (3) and
100.40 (1) (c) (see People v Jones, 9 NY3d at 261-263; People v Casey, 95 NY2d
354), they are jurisdictionally defective and they must be dismissed (see People v Jones,
9 NY3d at 263; People v Sumter, 151 AD3d at 557).
With respect to the information charging a change in use, Code § 102-14 (C) provides
that no change shall be made in the use or type of occupancy "of an existing building or
structure" unless a certificate of occupancy authorizing such change shall have been issued by the
building inspector. The relevant factual portion of this information states that defendant, "as
person in control" of the property in question located in a residential district, did, from
September 3, 2014 to the present, "change the use of the property to a commercial use by having
the property used by a landscaping company and storage of commercial equipment, wood, scrap
metal, tractor trailers, truck bodies . . . and assorted other equipment, all without building permits
or certificate of occupancy." The foregoing allegations do not allege that an "existing building or
structure" had been changed in the use or type of occupancy. Consequently, as this information
fails to establish every element of a violation of Code § 102-14 (C) as required by CPL
100.15 (3) and 100.40 (1) (c) (see People v Jones, 9 NY3d at 261-263; People v
Casey, 95 NY2d 354), it is jurisdictionally defective and it too must be dismissed (see
People v Jones, 9 NY3d at 263; People v Sumter, 151 AD3d at 557).
We pass on no other issue.
Accordingly, the judgments of conviction are reversed and the accusatory instruments are
dismissed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 22, 2021