People v Rodriguez (2023 NY Slip Op 01534)

People v Rodriguez

2023 NY Slip Op 01534

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-04278
 (Docket No. 18723/18)

[*1]The People of the State of New York, respondent,
v
Brandon Rodriguez, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter and Martin Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Jaedon J. Huie of counsel; Christopher M. Ciccolini on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered January 14, 2020, convicting him of attempted grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in a misdemeanor information, inter alia, with attempted grand larceny in the fourth degree, a class A misdemeanor. Thereafter, he pleaded guilty to attempted grand larceny in the fourth degree and was sentenced, as promised, to one day in jail, with credit for time served. The defendant appeals, arguing that the misdemeanor information was jurisdictionally defective because the allegations therein were not facially sufficient.
"To be facially sufficient, an information must set forth nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof and which supply [the] defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Wheeler, 34 NY3d 1134, 1135 [citations and internal quotation marks omitted]; see CPL 100.40[1]; People v Kalin, 12 NY3d 225, 228-230).
"Failure to assert sufficient nonhearsay factual allegations is a jurisdictional defect" (People v Jones, 9 NY3d 259, 262, citing People v Alejandro, 70 NY2d 133, 134-135), and "may be challenged on appeal even though a defendant never raised the alleged insufficiency prior to entering a guilty plea" (People v Kalin, 12 NY3d at 229).
The People bear the burden of making a "prima facie case for the offense charged in the text of [an] information" (People v Jones, 9 NY3d at 261; see CPL 100.40[1]). "Unlike misdemeanor or felony complaints, which do not require such a showing in an accusatory instrument, the prima facie requirement is specific to informations" (People v Jones, 9 NY3d at 261-262; cf. CPL 100.40[4]). "[S]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being [*2]tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Kalin, 12 NY3d at 230 [internal quotation marks omitted]; see People v Smalls, 26 NY3d 1064, 1066).
Here, contrary to the defendant's contention, the misdemeanor information satisfied the requirements of CPL 100.40(1) (see People v Kalin, 12 NY3d at 230-31; People v Villegas, 54 Misc 3d 137[A], 2017 NY Slip Op 50134[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists] People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept]; cf. People v Jones, 9 NY3d at 262-263).
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court