**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2538
_____

ORLANDO MEDINA LOPEZ
a/k/a ORLANDO MEDINA

ORLANDO MEDINA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A044-044-570)
Immigration Judge: Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2011

Before:  SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 29, 2011 )
_____

OPINION
_____

PER CURIAM

Orlando Medina Lopez ("Medina") petitions for review of the Board of Immigration Appeals' final order of removal. For the reasons that follow, we will deny the petition for review.

Medina, a native and citizen of the Dominican Republic, was admitted to the United States on May 15, 1993 as a lawful permanent resident. On January 3, 2001, he was convicted, pursuant to a plea of guilty, of attempted criminal sale of cocaine in the third degree, in violation of N.Y. Penal Law § 220.39. He was sentenced to five years probation. On November 2, 2009, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging that Medina was subject to removal pursuant to Immigration & Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a controlled substance offense, and INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony.

After Medina obtained counsel, he appeared before the Immigration Judge, on January 26, 2010, and denied the charges. At a hearing on February 17, 2010, Medina's counsel proffered an argument that the drug conviction did not constitute an aggravated felony. Counsel stated that he had been in touch with New York court staff, but he had been unable to get "a transcript, any sort of record, anything other than the Certificate of Disposition of Indictment…" A.R. 113. The government then submitted a certified record of conviction and argued that a conviction for the sale of a controlled substance other than marijuana clearly is an aggravated felony. The IJ agreed with the government and sustained both charges of removability. A.R. 119.

2

During the February 17, 2010 hearing, counsel argued that Medina's conviction was not a drug trafficking offense because the conviction did not involve a trafficking element, see Steele v. Blackman, 236 F.3d 130, 135 (3d Cir. 2001), A.R. 116. Counsel asked for additional time to brief the issue, but the IJ declined to grant him a continuance. The IJ noted that, as to the validity of the conviction itself, Medina had yet to file a motion for post-conviction relief in state court. A.R. 119-20. As to counsel's request for further time to brief the aggravated felony issue, the IJ observed that Steele had never been extended to a sale of cocaine. A.R. 118-19, 121.[1] The IJ issued an oral decision on the same day as the hearing, finding Medina removable as charged, denying his motion for a continuance, and ordering him removed to the Dominican Republic.

Medina appealed pro se to the Board of Immigration Appeals. In his Notice of Appeal, he contended that the IJ erred in finding him removable because his conviction was not final in that it was under review in state court. A.R. 84. He asserted that, as of February, 2010, a hearing had been scheduled in state court, and he documented this assertion, see id. at 30. Medina also contended on appeal to the Board that he informed his immigration counsel of the existence of proceedings in state court, but counsel failed to tell the IJ that state post-conviction proceedings were pending. See id. Medina filed a motion with the Board to stay proceedings, arguing that his conviction was invalid because his guilty plea was involuntary, see id. at 73, and he filed a motion for a transcript of the prior immigration proceedings, stating that the transcripts were

---

[1] We note that the petitioner in Steele was convicted of the criminal sale of marijuana, in violation of New York Penal Law § 221.40. Steele, 236 F. 3d at 131.

"necessary to ensure appropriate review by the Board … and any later Federal Court review," see id. at 70.  Medina also filed a motion to hold his appeal in abeyance pending the receipt of the transcripts from his prior immigration hearings.  See id. at 52-53. Medina then submitted a pro se brief, addressing the arguments raised in his Notice of Appeal.  He attached to his brief an item documenting that the Notes of Testimony from his state court hearing on November 15, 2000 could not be located.

On May 20, 2010, the Board dismissed Medina's appeal.  In its decision, the Board adopted and affirmed the IJ's decision and specifically noted that it agreed with the IJ's finding that Medina's drug conviction "qualifies as an aggravated felony."  A.R. 2. Additionally, the Board rejected Medina's argument concerning the finality of his conviction.  The Board observed that the evidence Medina submitted "does not indicate that [his] 2001 conviction has been overturned, vacated, or expunged; rather, the evidence merely indicates that [his] post judgment motion has been scheduled before a judge."  Id. at 3.  Citing Padilla v. Kentucky, 130 S. Ct. 1473 (2010), the Board saw no evidence to support an argument that Medina's guilty plea was involuntary because criminal trial counsel failed to warn him about the deportation consequences of his conviction, and, in any event, his argument was "in the nature of collateral attacks on his conviction," which neither the Board nor the IJ could entertain.  A.R. 3.  As to the contention that immigration counsel had rendered ineffective assistance in arguing the finality issue before the IJ, the Board determined that the claim could not proceed because Medina had not complied with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).  In a footnote, the Board denied Medina's motion to

4

hold his appeal in abeyance, noting that the Administrative Record contained all of the transcripts, and Medina had not alleged that he was unable to prepare his brief due to missing transcripts.

Medina has timely petitioned for review. In his hand-written brief, which he has supplemented with a typed document in support of his petition for review, Medina contends that (1) he did not receive the transcript from his immigration hearing, see Petitioner's Informal Brief, at 2; (2) his conviction is not final for immigration purposes, see Petitioner's Informal Brief, at 3; (3) a remand to the Board is required on the basis of his claim of ineffective assistance of criminal trial counsel, see Petitioner's Informal Brief, at 4; and (4) the BIA erred in not holding his case in abeyance to allow him to obtain the transcript of his hearing before the IJ, see Petitioner's Informal Brief, at 5.

We will deny the petition for review. As a threshold matter, we note that our jurisdiction over Medina's petition is subject to INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), which bars us from reviewing a removal order against an alien, like Medina, who is removable pursuant to INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a controlled substance offense, and INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony. We retain jurisdiction to review constitutional claims or questions of law, INA § 242(a)(2)(d), 8 U.S.C. § 1252(a)(2)(D).

Medina does not challenge that he is removable for having been convicted of an aggravated felony[2] or a controlled substance offense. Instead, he contends that his New York conviction for the sale of cocaine is not final for immigration purposes and thus the order of removal is void. In Pinho v. Gonzales, 432 F.3d 193, 210 (3d Cir. 2005), we held that, where the alien's prior conviction had been vacated on the basis of a defect in the criminal proceedings, there was no longer a conviction for immigration purposes. But Pinho does not apply here because Medina has not shown that his conviction has been vacated. Prior to briefing, on June 1, 2010, Medina filed a motion to stay removal (which we ultimately denied), in which he stated that he was challenging the validity of his state court criminal conviction in the New York First Appellate Division Department under Padilla, 130 S. Ct. 1473 (counsel renders constitutionally ineffective assistance when he fails to advise defendant that his guilty plea made him subject to automatic deportation). Medina attached to his stay motion the written Decision of the Honorable Daniel Conviser of the N.Y. State Supreme Court, dated 4/19/2010, denying his state post-conviction petition.

---

[2] Even if we assume that N.Y. Penal Law § 220.39 does not contain a trafficking element, as Medina's immigration counsel argued before the IJ, it could still be an aggravated felony under the "hypothetical federal felony" route. See Gerbier v. Holmes, 280 F.3d 297, 315 (3d Cir. 2002). A state drug conviction qualifies as a "hypothetical federal felony" if it punishable as a felony under the Controlled Substances Act. See id. The pertinent federal analog for N.Y. Penal Law 220.39, which provides that a "person is guilty of criminal sale … when he knowingly and unlawfully sells" a controlled substance, for example cocaine, appears to be 21 U.S.C. § 841(a)(1), which prohibits the knowing or intentional "possess[ion] with intent to ... distribute" a controlled substance, for example, cocaine. Possession with intent to distribute cocaine carries a maximum penalty in excess of one year, see id. at § 841(b), and thus is punishable as a felony under the Controlled Substances Act.

Applying Padilla and Strickland v. Washington, 466 U.S. 668, 691 (1984), Judge Conviser concluded that Medina could not show prejudice with respect to trial counsel's alleged substandard advice because Medina admitted in an affidavit in support of his post-conviction petition that he personally was fully aware of the immigration consequences of a guilty plea. See New York v. Medina, No. 07044-99, at 4 (N.Y. Sup. Ct. April 19, 2010 (Decision and Order). In addressing a claim that trial counsel rendered ineffective assistance by failing to appeal the conviction, Judge Conviser noted with respect to the prejudice question that Medina received a benefit from pleading guilty in that he was facing two Class B felony charges and a mandatory state prison sentence. His guilty plea to one Class C felony allowed him to stay out of jail. See id. at 5-6. Judge Conviser was aware that there was no guilty plea hearing transcript because the Notes of Testimony were missing, but he nonetheless did not believe that the transcript was necessary to decide the ineffectiveness claims. Medina's request for an evidentiary hearing was denied. See id. at 6.

Consequently, there is no support for Medina's assertion that his state court conviction has been vacated. We note that he does not contend in his brief that his appeal in state court of the order denying his post-conviction petition was successful. In Paredes v. Att'y Gen. of U.S., 528 F.3d 196 (3d Cir. 2008), we considered the issue of whether the pendency of post-conviction motions or other forms of collateral attack negates the finality of a conviction for immigration removal purposes. We concluded that "such pendency does not vitiate finality, unless and until the convictions are overturned as a

7

result of the collateral motions." Id. at 198-99. Paredes applies here. Medina's state court conviction has not been overturned and it thus provides a basis for his removal.

It necessarily follows that, although the IJ thought that no state post-conviction petition had been filed, Medina was not prejudiced by immigration counsel's failure to tell the IJ that a petition was pending, because mere pendency does not vitiate finality. See Zheng v. Gonzales, 422 F.3d 98, 107 (3d Cir. 2005) (in addition to its procedural requirements, Lozada requires a showing that counsel's deficient performance actually prejudiced the alien in some respect). Moreover, a remand to the Board is not required to address Medina's claim of ineffective assistance of criminal trial counsel, because the Board has no authority to invalidate a state court judgment of conviction. See Matter of Madrigal-Calvo, 21 I. & N. Dec. 323, 327 (BIA 1996). Nor may we entertain Medina's collateral challenge to the judgment of conviction. See Drakes v. Immigration & Naturalization Serv., 330 F.3d 600 (3d Cir. 2003).[3]

Last, the Board did not abuse its discretion in denying a stay of proceedings on the basis of missing transcripts. The Administrative Record contains transcripts from all of the master calendar hearings and the hearing on February 17, 2010, all of which we have read and considered. The transcript from the February 17, 2010 hearing is fairly short (14 pages) and concerns primarily immigration counsel's and government counsel's arguments before the IJ. Medina does not appear to us to have been hindered in the preparation of his brief by the absence of that transcript.

---

[3] Thus, the fact that a transcript from Medina's state plea hearing may be missing or unavailable is neither a basis for a remand to the Board, nor is it sufficient to warrant a continuance of immigration proceedings.

8

For the foregoing reasons, we will deny the petition for review.