NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-1087 and 16-1877
_____

ABDUL JALIL QURESHI,
                            Petitioner

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA,
                            Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A042-080-693
(U.S. Immigration Judge: Honorable Miriam K. Mills)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2016

Before:  CHAGARES, HARDIMAN, and SCIRICA, *Circuit Judges*.

(Filed: February 2, 2017)

_____

OPINION[*]
_____


**SCIRICA**, *Circuit Judge*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Abdul Jalil Qureshi, a citizen of the United Kingdom, was deemed removable from the United States based on two convictions for sexual offenses, and denied discretionary cancellation of removal by an Immigration Judge. Qureshi appealed to the Board of Immigration Appeals and separately moved for remand to withdraw his counseled oral pleadings in which he conceded removability. The BIA denied his motion for remand and dismissed his appeal. Qureshi seeks review of that BIA order, as well as review of a separate BIA order denying his subsequent motion to reconsider. We will dismiss as untimely the petition for review of the BIA's order denying the motion to remand and dismissing the appeal, and we will deny the petition for review of the BIA order denying the motion to reconsider.

## I.

Qureshi is a Pakistani national and citizen of the United Kingdom.[1] He was admitted to the United States on March 19, 1989, as a lawful permanent resident. On January 20, 1997, Qureshi pled guilty to sexual abuse in the third degree in violation of New York Penal Law ("NYPL") § 130.55. On March 27, 2008, Qureshi pled guilty to forcible touching in violation of NYPL § 130.52. Qureshi was accused of rubbing his groin into the buttocks of two women, one a minor, with both instances taking place at Rockefeller Plaza during the Christmas season.

In September 2011, the Department of Homeland Security served Qureshi with a

---

[1] Qureshi was born in 1936 in Peshawar, which is now considered part of Pakistan. At the time of Qureshi's birth, Peshawar was considered a part of India and was under the rule of the British Empire. Qureshi testified to having canceled his Pakistani citizenship when he moved to England and was naturalized as a British citizen. A.R. 170.

Notice to Appear before an IJ. The Notice charged him as being removable from the United States under 8 U.S.C. § 1227(a)(2)(A)(ii), based on his two convictions for crimes involving moral turpitude. In March 2012, Qureshi appeared before the IJ and, through counsel, admitted to the allegations in the Notice to Appear and conceded his removability. Qureshi applied for discretionary cancellation of removal under 8 U.S.C. § 1229b(a) based on his long residence in the United States, family ties to his wife and five adult children, and alleged hardship to him and his wife that would result from his deportation. He also claimed he was innocent of the charges to which he had pled guilty, contending the undercover officers involved in each incident fabricated the charges and he was simply in the wrong place at the wrong time.

The IJ found Qureshi removable from the United States based on his counseled concessions. The IJ then found Qureshi did not warrant discretionary cancellation of removal. The IJ noted the seriousness of Qureshi's crimes and suggested they demonstrated a pattern of wrongdoing, while finding Qureshi's claims of innocence not credible. The IJ also found Qureshi failed to establish any hardship to himself or his family because his claim to be in poor health undermined his claim that he needed to remain in the United States to care for his wife.[2] None of Qureshi's adult children submitted affidavits in support of his good character and rehabilitation or their need for

---

[2] For example, the IJ noted Qureshi claimed he was responsible for assisting his wife to the bathroom because she is unable to walk upstairs, where the bathroom is located. But he also testified that, due to his own heart problem, he cannot climb stairs without stopping and can only push his wife in a wheelchair for short distances without becoming short of breath. A.R. 124.

3

his continued presence in the United States. Finally, the IJ observed there was no proof Qureshi had ever filed federal taxes. On balance, the IJ concluded the equities weighed in favor of removing Qureshi to the United Kingdom.

Qureshi appealed the IJ's decision to the Board of Immigration Appeals and moved to remand proceedings to allow him to withdraw his counsel's factual admissions and concession of removability. He contended his 1997 conviction for sexual abuse was facially invalid because the complaint pertaining to the charge does not contain the predicate statutory element of lack of consent. Qureshi also contended his prior counsel provided ineffective assistance by conceding his removability based on an invalid conviction. The BIA rejected his argument on both procedural and substantive grounds. First, the BIA found Qureshi had not complied with the procedural requirements for seeking remand based on ineffective assistance of counsel because he failed to provide evidence that he notified his prior counsel of the complaint he filed against her and provided her an opportunity to respond. Second, the BIA found Qureshi's argument for ineffective assistance unpersuasive because there was not a reasonable likelihood that the outcome of the proceedings would have been different absent counsel's concession of Qureshi's removability. Finally, the BIA affirmed the IJ's denial of discretionary cancellation of removal.

The BIA issued its order on December 11, 2015. Qureshi emailed a petition for review to the Third Circuit CM/ECF help desk on January 11, 2016. A paper copy of the petition for review was received and filed on January 13, 2016.

While his petition for review of the BIA's December 2015 order was pending,

4

Qureshi also filed a timely motion to reconsider with the BIA. The BIA denied the motion, concluding Qureshi merely reiterated arguments the BIA had previously rejected and failed to identify any legal or factual errors, changes in law, or aspects of the case that were overlooked. The BIA issued its order on March 14, 2016, and Qureshi filed a timely petition for review on April 11, 2016.

## II.

We have jurisdiction over a timely filed petition for review under 8 U.S.C. §§ 1252(a)(1), (b)(1). A motion to remand is the functional equivalent of a motion to reopen.[3] *Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005). We review the BIA's denial of a motion to remand for abuse of discretion, *see Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001), and review its underlying factual findings related to the motion for substantial evidence. *See Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002). The BIA's denial of a motion to remand may only be reversed if it is "arbitrary, irrational, or contrary to law." *Id*. at 174 (internal quotation marks omitted). We review the BIA's denial of a motion to reconsider for abuse of discretion. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005).

## A.

We lack jurisdiction over Qureshi's petition for review of the BIA's December 2015 denial of his motion to remand and dismissal of his appeal because his petition for

---

[3] While we have held there is no meaningful difference between a motion to reopen and a motion to remand for purposes of determining our jurisdiction and the standard of review, *Korytnyuk*, 396 F.3d at 282, for the sake of clarity, we refer here to Qureshi's "motion to remand."

review was untimely filed. By statute, Qureshi was required to file his petition for review no later than 30 days after the BIA issued its final order. 8 U.S.C. § 1252(b)(1). In this case, Qureshi's deadline to file his petition was January 11, 2016.[4] In order to be formally filed, Qureshi was required to submit his petition for review in paper format by 4:30 p.m., the time the clerk's office was scheduled to close. *See* Fed R. App. P. 26(a)(4)(D) (setting deadline for filing other than by electronic means); Third Circuit L.A.R. 113.1(a) (requiring paper filing of case-initiating documents). This deadline is mandatory, jurisdictional, and cannot be extended. *See Vakker v. Att'y Gen.*, 519 F.3d 143, 146 (3d Cir. 2008). Qureshi failed to meet this deadline. His counsel emailed his petition for review to our CM/ECF help desk email address at 10:55 p.m. on January 11, 2016. The clerk's office did not receive a paper copy of the petition—and thus, the petition was not filed—until January 13, 2016.

Qureshi asks us to exempt him from our rules requiring his petition to be filed in paper format and to accept his emailed petition as sufficient and timely. We decline to do so. Even if we were to permit Qureshi to file his petition electronically, an email to the CM/ECF help desk would not constitute an electronic filing. *See* Fed. R. App. P. 25(a)(2)(D) (electronic filing must be consistent with local rules and technical standards established by the Judicial Conference of the United States); Third Circuit L.A.R. 25.1(a) (documents must be filed electronically through CM/ECF); Third Circuit L.A.R. 113

---

[4] The BIA issued its order on December 11, 2015. Because the end of the 30-day statutory period fell on Sunday, January 10, 2016, Qureshi's deadline moved to the next business day—Monday, January 11, 2016. *See* Fed. R. App. P. 26(a)(1)(C).

(establishing procedures for electronic filing through CM/ECF); Summary of Electronic

Filing Requirements,

http://www2.ca3.uscourts.gov/legacyfiles/summary%20of%20electronic%20filing.pdf

(for case originating documents, including "petition for review of agency order," counsel

must, "if case is an emergency, call clerk's office to get permission to e-mail"). Further,

we are not authorized to extend the time for filing Qureshi's petition for review to

construe his paper filing on January 13, 2016, as timely. Fed. R. App. P. 26(b)(2).[5]

Even if Qureshi's petition for review of the initial BIA order had been timely filed,

we would find the BIA did not abuse its discretion by denying remand. Qureshi's

counsel conceded he was twice convicted of crimes involving moral turpitude.[6] Qureshi

is bound by his counsel's factual admissions and concession of removability absent a

showing of egregious circumstances. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 683 (3d

Cir. 2011); *In re Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986). Qureshi has not

shown egregious circumstances here. Qureshi's claim that his counsel provided

ineffective assistance fails because he cannot show both "competent counsel would have

---

[5] Qureshi attributes his untimely filing to a miscommunication between attorneys regarding who would file the petition for review. Even if the rules permitted us to extend the time for filing for good cause, factors within the control of counsel or the client generally do not qualify as good cause. *See Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 356 (3d Cir. 2011) ("a petitioner seeking an extension under L.A.R. 112.4(a) usually must demonstrate a need for more time based on an event or cause beyond the control of counsel or the petitioner"); Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note ("The good cause standard . . . is usually occasioned by something that is not within the control of the movant.").

[6] Under 8 U.S.C. § 1227(a)(2)(A)(ii), "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude . . . is deportable."

acted otherwise" and "a reasonable likelihood that the result would have been different if the error[s] . . . had not occurred."[7] *Fadiga v. Att'y Gen.*, 488 F.3d 142, 157, 159 (3d Cir. 2007) (internal quotations omitted, alterations in original). Qureshi claims his counsel was ineffective for conceding removability in lieu of challenging the validity of the criminal complaint underlying his 1997 New York conviction. But the BIA "has no authority to invalidate a state court judgment of conviction[,]" *Medina Lopez v. Att'y Gen.*, 425 Fed. App'x 146, 150 (3d Cir. 2011), and we have held convictions are final and valid for immigration purposes "unless and until the convictions are overturned" as a result of a collateral attack filed in the proper court.[8] *Paredes v. Att'y Gen.*, 528 F.3d 196, 198–99 (3d Cir. 2008). Even if Qureshi's counsel had challenged the complaint as insufficient, the BIA was required to accept the resulting conviction as final and valid because it had not—and still has not—been overturned by a New York court pursuant to a properly filed collateral attack. The BIA did not abuse its discretion by finding Qureshi was not prejudiced by his counsel's failure to raise an argument that could not have

---

[7] The BIA also found Qureshi failed to comply with the procedural requirements set down in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), for remanding based on claimed ineffective assistance of counsel. Because we find Qureshi's ineffective assistance claim fails on substantive grounds, we need not decide whether Qureshi substantially complied with the *Lozada* requirements.

[8] The petitioner in *Paredes* had filed a collateral challenge to his conviction in New Jersey state court. 528 F.3d at 198. We rejected his argument that his convictions could not be considered valid and final while his collateral challenge was pending. *Id.* at 198–99. Qureshi's case is even more straightforward, as Qureshi's argument before the BIA appears to be the only route through which he has chosen to challenge his conviction as invalid—he does not claim to have filed any collateral attack in New York state court.

altered the outcome of the proceedings.[9]

We also lack jurisdiction to review the BIA's dismissal of Qureshi's appeal of the

IJ's denial of discretionary cancellation of removal under 8 U.S.C. § 1229b.  The BIA

affirmed the IJ's determination that the equities presented in the record—including

Qureshi's criminal record, lack of rehabilitation, family ties, and long residence in the

United States—on balance weighed against cancellation of Qureshi's removal.  The

Immigration and Naturalization Act renders this denial of discretionary relief

unreviewable by this Court.  8 U.S.C. § 1252(a)(2)(B)(i).

**B.**

Qureshi also filed a timely petition for review of the BIA's March 14, 2016,

opinion and order denying his motion to reconsider.  Qureshi raised three grounds for

reconsideration: (1) the BIA wrongly concluded Qureshi failed to comply with *Lozada*'s

procedural requirements for raising an ineffective assistance of counsel claim; (2) the

BIA wrongly characterized his claim regarding the insufficiency of the complaint

---

[9] There are additional reasons to believe Qureshi's arguments regarding the sufficiency of the complaint would fail.  First, the felony complaint Qureshi contends is defective alleges he "subjected another person to sexual contact without the latter's consent."  A.R. 49.  Second, Qureshi fails to account for the different standard of sufficiency that New York courts apply to complaints as opposed to criminal informations.  Qureshi relies extensively upon *New York v. Alejandro*, 511 N.E.2d 71 (N.Y. 1987), to contend that the complaint in his case lacked factual allegations regarding the element of lack of consent.  But it was a criminal information at issue in *Alejandro*, not a complaint like the one at issue in this case.  The court in *Alejandro* observed complaints are not subject to the same stringent factual requirements as a criminal information.  *Id.* at 73–74 & n.2.  "The 'prima facie case' requirement—that the factual part establish every element of the offense charged . . . —applies . . . to informations alone."  *Id.* at 73.  Qureshi provides no authority for applying *Alejandro*'s requirements to the complaint underlying his conviction.

underlying his 1997 conviction as a collateral attack on that conviction; and (3) the BIA wrongly concluded his 1997 conviction was a crime involving moral turpitude.

A motion to reconsider must be based on errors of fact or law; mere disagreement with the outcome is not sufficient. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). The BIA found Qureshi's motion to reconsider "reiterate[d] the arguments raised in his previous motions to the Board[,]" A.R. 3, and we see no error in its conclusion.

First, the BIA did not abuse its discretion by rejecting Qureshi's submission of additional evidence in support of his claim of compliance with the *Lozada* requirements. A motion to reconsider is not a proper vehicle for submitting evidence the petitioner had under his control but failed to submit at the time of his initial hearing. *See Huang v. Att'y Gen.*, 620 F.3d 372, 390–91 (3d Cir. 2010); *In re O–S–G–*, 24 I. & N. Dec. 56, 60 (BIA 2006). Moreover, even if the BIA erred in its conclusion regarding Qureshi's *Lozada* compliance, his ineffective assistance of counsel claim fails for substantive reasons as well. *See supra* Part II.A.

Nor did the BIA mischaracterize Qureshi's argument regarding the invalidity of the complaint underlying his conviction. The BIA correctly observed Qureshi could not show prejudice from counsel's failure to raise the alleged defect in the criminal complaint because nothing his counsel could have argued to the IJ about the validity of the conviction would have altered the outcome. Criminal convictions, unless already overturned, are treated as valid in immigration proceedings. *Paredes*, 528 F.3d at 198–99; *Drakes v. I.N.S.*, 330 F.3d 600, 604 (3d Cir. 2003). Because criminal convictions are not subject to collateral attack as part of a removal proceeding, the BIA correctly found

10

Qureshi cannot show prejudice based on ineffective assistance of counsel.

Finally, the BIA did not commit legal error in its analysis of whether Qureshi's 1997 conviction was for a crime involving moral turpitude. The BIA addressed this issue in the context of evaluating whether Qureshi met his burden to show he was prejudiced by his counsel's concession of removability. It was Qureshi's burden to show, absent his counsel's concession, his conviction for sexual abuse in the third degree would not have been considered a crime of moral turpitude. *See Fadiga*, 488 F.3d at 158–59. In concluding he did not make this showing, the BIA cited similar statutes from other states where the courts have determined the crimes involved moral turpitude. There was no error in this approach. *See Partyka v. Att'y Gen.*, 417 F.3d 408, 414–16 (3d Cir. 2005) (assessing whether assault on a law enforcement officer in violation of New Jersey law was a crime involving moral turpitude by comparing cases involving similar assault statutes under New York, Massachusetts, and Texas state law); *Rohit v. Holder*, 670 F.3d 1085, 1089 (9th Cir. 2012) ("[I]t is often helpful to determine whether a state crime involves moral turpitude by comparing it with crimes that have previously been found to involve moral turpitude." (internal quotations omitted)).

Because Qureshi has failed to identify any factual or legal errors underlying the BIA's decision denying his motion to remand and dismissing his appeal, we will deny his petition for review of the BIA's denial of his motion to reconsider.

### III.

For the foregoing reasons, we will dismiss as untimely Qureshi's petition for review of the BIA order dated December 11, 2015, and deny his petition for review of the

11

BIA order dated March 14, 2016.