OPINION OF THE COURT
Arlene D. Goldberg, J.
Defendant is charged with public lewdness (Penal Law § 245.00) based on acts he allegedly committed in a public restroom at the Port Authority Bus Terminal on June 17, 1994 at about 7:35 p.m.
In relevant part, the police officer who swore to the information states that he observed the defendant at the above location manipulating his naked, erect penis in an up and down and back and forth motion in public view. He further alleges that other individuals were using the public restroom at the same time the defendant was engaged in the aforementioned activity.
Claiming that these allegations fail to establish that defendant’s acts occurred in a public place within the meaning of the public lewdness statute, defendant moves for an order granting dismissal of the information for facial insufficiency pursuant to CPL 170.30 (1) (a).
For the reasons set forth below, the motion to dismiss is denied.
In order for an information to be sufficient on its face it must set forth facts of an evidentiary nature tending to support the charge. The factual allegations must also provide reasonable cause to believe the defendant committed the offense charged and contain nonhearsay allegations which establish, if true, every element of the offense and defendant’s commission thereof. (See, CPL 100.15, 100.40 [1]; People v Alejandro, 70 NY2d 133, 136-137.)
Penal Law § 245.00 states that, "[a] person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act (a) in a public place, or (b) in private premises under circumstances in which he may readily be observed from either a public place or from other private premises, and with intent that he be so observed.”
In support of his facial insufficiency claim, defendant relies *91 upon People v McNamara (78 NY2d 626 [1991]), wherein the Court of Appeals found that allegations of sexual activity in parked cars at stated addresses (three of which were public streets in residential areas) were not alone sufficient to establish the public place requirement under subdivision (a) of the statute. The court reasoned that the interior of a parked car could only be considered a public place "where the objective circumstances establish that lewd acts committed there can, and likely would, be seen by the casual passerby, whose sensibilities the statute seeks to protect.” (People v McNamara, supra, at 633-634.)
The Court of Appeals commenced its analysis by declining to find Penal Law article 240’s broad definition of public place ("a place to which the public or a substantial group of persons has access”) applicable to public lewdness (art 245) prosecutions. The Court determined that in the context of the public lewdness statute, "the term 'public place’ has no cut-and-dried meaning” and, therefore, must be interpreted in a manner that comports with the statute’s purpose. (See, People v McNamara, supra, at 633.) Since the statute was meant " 'to prevent the open flouting of societal conventions’ ” and not to condemn the acts of " 'persons who desire privacy and who take reasonable measures to secure it’ ” (People v McNamara, supra, at 633, quoting Model Penal Code and Commentaries, part II, § 251.1, comment 2, at 452 [ALI 1980]), the Court went on to hold that "the interior of a vehicle parked at a stated address is not itself a 'public place,’ but it may become one under circumstances indicating that the car’s interior is visible to a member of the passing public, and that the vehicle is situated in a place where it likely would be observed by such a person.” (People v McNamara, supra, at 634.) The four informations under review in McNamara were held to be deficient since they did not establish the existence of these two circumstances.
The defendant maintains that application of the McNamara "public place” test demonstrates that the information in this case is similarly insufficient since it fails to show that defendant was in an area where he would likely be observed by other individuals using the restroom. Specifically, defendant complains that the information does not indicate whether he was within an enclosed bathroom stall; had his body hidden by a urinal; or was standing in an open area of the restroom. In light of these omissions, defendant contends that the allega *92 tion that he was in public view is conclusory and insufficient to establish a violation of the statute.
The People, in opposition to the motion to dismiss, seek to distinguish People v McNamara (supra) from the case at bar. They contend that conduct which occurs in a public restroom in a public bus terminal is substantially different from conduct that is alleged to have taken place in a private car. They further contend that even under the McNamara standards, there has been a sufficient showing that defendant was situated in a place where his activities would likely be observed by a member of the public.
A Federal court Judge recently applied the McNamara public place test in reversing a defendant’s conviction for violating an analogous Federal statute (36 CFR 7.29 [c]) prohibiting public lewdness in the Gateway National Recreational Area. (United States v Hoffman, 93 CR 948 [ED NY, Oct. 1994]). In concluding that the trial evidence was insufficient to establish that Hoffman’s acts occurred in a public place, Judge Raymond Dearie noted that the events in question occurred at night, in the off-season and in a secluded area that was dark and obscured by thick bushes. Additionally, the arresting officer, who was searching for evidence of homosexual behavior or drug activity, could not see the defendant until he left a bicycle path and penetrated the apparently dense shrubbery.
The Hoffman case (supra) is instructive since it refutes the People’s suggestion that the McNamara analysis is limited to prosecutions involving lewd acts in private cars. It is also noteworthy since it shows how far removed one must be from potential observation, at least in an outdoor park setting, to escape criminal liability under the public lewdness statute.
Turning to the issue in this case, this court is not persuaded that the factual allegations fail to satisfy the McNamara public place test. The instant information demonstrates that the events occurred in a public restroom within a public transportation facility. Notably, the information further alleges that defendant committed his acts in public view, at a time when other individuals were using the restroom. While it is true that the mere occurrence of a lewd act in a place to which the public has access will not of itself constitute a violation of the statute, these allegations provide sufficient indicia that defendant was situated in an area from which his lewd acts could readily be observed by members of the passing public.
*93 With respect to defendant’s claim that this conclusion cannot be reached absent evidentiary facts detailing his location within the restroom, there is nothing in McNamara (supra) which suggests that an information must contain a virtual blueprint of the area involved in order to withstand a motion to dismiss. Here, the allegation that defendant was in public view sufficiently supports the inference that he was not secreted within a bathroom stall or otherwise adequately shielded by a urinal or other structure when he engaged in the conduct which forms the basis for this prosecution.
In sum the factual allegations set forth in this information establish prima facie that defendant’s acts were committed in a public place within the meaning of Penal Law § 245.00 (a).
Accordingly defendant’s motion to dismiss for facial insufficiency is denied.
Defendant’s motion to suppress statements is granted to the extent that a Huntley/Dunaway hearing is ordered.