OPINION OF THE COURT Brian Herman, J. This criminal matter was commenced by the filing with this court of an accusatory instrument alleging that on June 17, 2017 the defendant committed a violation of Penal Law § 240.26 (1), harassment in the second degree. Specifically, the defendant is accused of making a telephone call to the complainant’s cell phone and allegedly saying, “I’m going to fuck you up.” At arraignment, the defendant pleaded not guilty to the charge. Defendant has now moved by notice of motion dated August 14, 2017 seeking dismissal of the charge, or in the alternative that the prosecution provide the defendant Brady material. Defendant also moved for “reservation of rights and other motions.” The People filed an affirmation dated August 28, 2017 in opposition to defendant’s motion. In support of the motion to dismiss the action, defendant alleges that the accusatory instrument is insufficient on its face because the charge is not supported by nonhearsay factual allegations and therefore must be dismissed in accordance with CPL 170.35 (1) (a) and People v Alejandro (70 NY2d 133 [1987]). The defendant also asserts that the accusatory instrument is deficient pursuant to CPL 100.40 in that the facts alleged do not constitute all of the elements of the crime of harassment in the second degree. Penal Law § 240.26 (1), harassment in the second degree, states: “A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.” Defense argues that “while the hearer may have reasonably assumed ‘fuck you up’ to be a threat of physical contact, the words themselves do not state any such meaning.” Defense also cites CPL 100.40 (1) (b) requiring that “[t]he allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information.” In their affirmation in opposition, the People disagree with defendant’s conclusion of facial insufficiency. The People assert that in fact the accusatory instrument is sufficient on its face, since it contains nonhearsay allegations of fact which support each and every element of the crime charged. In support of their position, the People cite Virginia v Black (538 US 343 [2003]). In Black, the US Supreme Court held that “fighting words—those personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction—are generally proscribable under the First Amendment” (id. at 359, citing Cohen v California, 403 US 15, 20 [1971], and Chaplinsky v New Hampshire, 315 US 568, 572 [1942]). Both the defense and the prosecution rely upon the New York State Court of Appeals decision in People v Dietze (75 NY2d 47, 53-54 [1989]) for their reasoning. The defense argues that the statement in question was not a “true threat” while the People argue to the contrary. The Free Speech Clause of the First Amendment to the US Constitution and made applicable to the states through the Fourteenth Amendment provides that “Congress shall make no law . . . abridging the freedom of speech.”[1] The New York State Constitution affords the same protection.[2] However, such freedom is not absolute. The Federal Constitution permits the states to prohibit “true threats” to engage in physical violence.[3] The Black court defined “true threats” to “encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals” (538 US at 359). Whether or not the speaker intends to carry out the threat is immaterial to deny him constitutional protection (id.). This is because the “true threats” prohibition is intended to protect individuals from the “disruption” and “fear of violence” as much as from the violence itself (id. at 360). Some courts have concluded that for a threat to be “true” it must threaten “immediate” violence.[4] The defendant urges this court to follow suit. To the knowledge of this court, no New York appellate court has held that there be an immediacy requirement for a threat to be a “true threat.” Therefore, this court does not require an immediacy requirement for a threat to be a true threat. On its face, the accusatory instrument is sufficient to bring this matter to trial. The alleged actions of the defendant may constitute the commission of the offense of harassment in the second degree; however, until a record is developed at trial as to the facts and circumstances surrounding the alleged utterance, the court cannot determine whether the act alleged in the accusatory instrument constitutes the commission of the offense. Therefore, the defense’s motion to dismiss on the basis enumerated in defense’s motion is denied, with leave to renew after the People have presented their case at trial. With regard to the defendant’s requested relief pertaining to Brady material, the People in the opposition affirmation acknowledge their continuing obligations under Brady v Maryland (373 US 83 [1963]) and state that “they are not in possession of such material at this time.” This court deems this to be an adequate response by the People and therefore no relief will be granted to the defendant on this request at this time, permitting the defendant to renew this motion in the event defendant believes such a motion is warranted in the future. With respect to defendant moving for “reservation of rights and other motions,” other relevant motions or hearings will be entertained, only in the discretion of this court, if timely and necessary, by separate application on notice to the opposing party. . See Virginia v Black at 358; People v Marquan M., 24 NY3d 1, 7 (2014). . See NY Const, art I, § 8. . Virginia v Black at 359. . See People v Orr, 47 Misc 3d 1213(A), 2015 NY Slip Op 50568(U) (2015); People v Brodeur, 40 Misc 3d 1070, 1073 (Crim Ct, Kangs County 2013).