People v Motieram (2025 NY Slip Op 52079(U))

[*1]

People v Motieram

2025 NY Slip Op 52079(U)

Decided on December 19, 2025

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2025
Justice Court of the Town of Webster, Monroe County

The People of the State of New York, Plaintiff,

againstPremdat Motieram, Defendant.

Case No. 25070131

Brian P. Green, District Attorney, Monroe County (Bradley Baldwin of Counsel) for plaintiffDaniel C. Fulmer, Rochester for defendant

Thomas J. DiSalvo, J.

History of the Case. 
The defendant was charged with driving while impaired by drugs, VTL § 1192 (4) and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, VTL 1192 (4-a) on July 19, 2025 at approximately 11:30 P.M. for events that allegedly occurred in a drive up lane outside a local fast food restaurant. He was arraigned on August 6, 2025. The accusatory instruments consisted of simplified traffic informations, a standardized supporting deposition form executed by the arresting officer, and a supporting deposition affirmed by a civilian witness. In addition to the accusatory instruments a Report of Refusal to Submit to a Chemical Test was filed with the court. Pursuant to VTL § 1194 (2) (b) (3) the defendant's licence was suspended pending the determination of a hearing as required by VTL § 1194 (2) ( c). Subsequently omnibus motions were filed with the court, wherein defense counsel moved for the dismissal of the accusatory instruments herein as being insufficient on their face pursuant to CPL §§ 170.30 and 170.35.Facts of the Case.Webster Police were summoned to the scene by the civilian witness, who called 911. That individual was the closing manager of the restaurant. According to the said civilian witness her attention was drawn to that of the defendant by another employee of the restaurant. That employee had contact with the defendant when he tried to enter the restaurant at about 11:00 P.M. At that time the individual was advised that the lobby was closed. He was then directed out of the premises. Upon reviewing the security camera footage, the manager observed a gray SUV [*2]continue through the drive through without ordering anything. The vehicle then operated in reverse back to the drive through window area. In so doing the vehicle was observed hitting a curb three times.The vehicle then continued to move forward and backward. Eventually the closing manager took the driver's order. The driver of the vehicle then drove to the payment window and paid for his meal. The closing manager stated in her supporting deposition that "I observed the male to be a bald Hispanic male. I observed the male to appear to be out of it and seemed off. The vehicle continued to move forward and backwards multiple times almost striking the vehicle behind him. I then contacted the police." No further identification of the driver of the vehicle was provided by the said civilian witness.
The standardized supporting deposition executed by Officer John Storer of the Webster Police Department stated that the reason for the stop was a civilian complaint. He indicated that he observed the defendant behind the wheel of the vehicle, the keys in the ignition and the engine running. Officer Storer also indicated that he observed the defendant driving the said vehicle. He further stated that he observed the defendant to have glassy eyes, impaired speech and impaired motor coordination. The defendant set forth on his affidavit that the defendant performed various roadside field tests. In addition,the officer's supporting deposition stated that performance of the defendant on said tests was recorded on a "Note Card Attached". However, no such card was included with the supporting deposition provided to the court. The defendant reportedly refused to submit to the preliminary breath test. A drug recognition expert was apparently called in to evaluate the defendant, identified as Officer Capeder of the Brighton Police Department. However, no results of said evaluation were provided to the court. 
The CPL § 710.30 Notice filed with the court indicates that the defendant spoke to Officers Storer and Ceneviva presumably at the scene of the arrest at 11:30 P.M. on July 18, 2025. According to the said notice the defendant stated he was on a diabetes medication; that he "was driving thru drive-thru and then home" and "stated he rode with cousin then stated he walked to car". He further admitted to having 2 previous DWI's more that 10 years prior to this incident. Miranda warnings were provided at 1:12 A.M. on July 19, 2025.

Legal Analysis.

Driving While Impaired by Drugs. VTL § 1192 (4) states as follows: "No person shall operate a motor vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter." The uniform traffic information and the two supporting depositions filed with the court constitute an information as defined by CPS § 1.20 (4). 
"A misdemeanor information is facially sufficient when the factual portion contains non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offense charged. The non-hearsay allegations, if true, must establish every element of the crime and the defendant's commission of the crime. (CPL §§ 100.15(3), 100.40(l); People v. Alejandro, 70 NY2d 133, 137—39.)" (People v. Ortiz, 6 Misc 3d 1024[A], 2004 NY Slip Op. 5182 [U], [2004], *2)
Reference must also be made to CPL 100.40 (1), which states that 

" An information, or a count thereof, is sufficient on its face when:(a) It substantially conforms to the requirements prescribed in section 100.15; and
(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof."Reasonable Cause. It is uncontested that the information complies with CPL § 100.15 as as to form. However, it must be determined as to whether the information provides reasonable cause to believe the defendant committed the offense of driving while impaired by drugs and whether the information sets out non-hearsay allegations establishing, if true, every element of said charge.
"Reasonable cause to believe that a person has committed an offense" exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay." (CPL § 70.10 [2])
Under a similar set of circumstances, this court held that the information failed to provide the reasonable cause to believe the defendant committed the offense charged as required by CPL § 100.40 (2).See People v. Ahmadzai, 69 Misc 3d 1205 [A], 2020 NY Slip Op 51191 [U] [Webster Just Ct. 2020] *4 which held that

"Nevertheless a review of the fill in the box standard New York State Trooper supporting deposition filed herein sets out various indicia of intoxication, i.e. odor of alcoholic beverage, glassy eyes, impaired speech, impaired motor coordination seem more directed to a charge of common law intoxication rather than driving while ability impaired by drugs. Although both charges can have some similar indicia. There is also the allegation in said deposition that the defendant refused both the alcohol screening and chemical tests, which would apply to an alcohol related offense. ...There is nothing in the check box supporting deposition that would support or tend to support the charge of driving while ability impaired by drugs. Therefore, the supporting deposition as it pertains to the charge of driving while ability impaired by drugs would be insufficient on its face. Any conclusion to the contrary would be purely speculative. Thus the accusatory instruments relative to the charge of driving while ability impaired by drugs must be dismissed as being insufficient on their face pursuant to CPL §§ 100.20 and 100.40 (2)."Non-Hearsay Allegations. In People v. Ortiz, 6 Misc 3d 1024 [A], 2004 NY Slip Op 5182 [U] [2004]) the court discusses the elements required to be alleged in order for an information to be sufficient on its face. The court determined that
"The nonhearsay allegations included in the factual part of the accusatory instrument charging defendant with the crime of Driving While Ability is Impaired by Drugs (VTL § 1192[4] ) should provide reasonable cause to believe that: 1) The defendant ingested a drug; 2) The drug ingested by the defendant is one proscribed by Public Health Law § 3306. (VTL § 114—a); 3) After ingesting the drug, the defendant operated a motor vehicle (VTL § 125); and, 4) While operating his motor vehicle the defendant's ability to operate the motor vehicle was impaired by the ingestion of the drug."[FN1]
See also People v. Fortunato, 49 Misc 3d 1221 [A], 2014 NY Slip Op 5183 [U] *1 [2014] which dismissed the information charging the defendant with driving while ability impaired by drugs as being insufficient on its face wherein it stated:
"One of the elements of Vehicle and Traffic Law § 1192(4) is that the defendant ingested a 'drug', which term is specifically defined in Vehicle and Traffic Law § 114—a as any substance listed in Public Health Law § 3306. ... None of the three substances that the defendant admits to having taken on the incident date are listed in Public Health Law § 3306. Furthermore, there are no allegations that the complainant police officer was trained as a Drug Recognition Expert and no laboratory report was obtained. The information therefore fails to provide a non-hearsay factual basis establishing that the defendant had ingested a qualifying drug that impaired her ability to operate a motor vehicle. As such, it fails to support every element of the offense charged and the information must be dismissed. (CPL 100.40, 100.15). (Internal citations omitted)"In this case the accusatory instruments fail to provide reasonable cause to believe that the defendant was operating his vehicle under the influence of a drug listed in the Public Health Law, was impaired by the consumption of alcohol or was suffering some medical or psychological condition. Nor did they set out any non-hearsay allegations setting out each element of the offense charged. The information did not provide any specific allegations regarding blood tests, road side tests or allegations in a supporting deposition by a drug recognition expert. In fact the allegations set out in the information were incomplete, speculative and conclusory in nature. Thus the information charging the defendant with driving while ability impaired by drugs is dismissed pursuant to CPL §§ 170.30 (1) (a) and 170.35 (1) (a) as being defective on its face.
Driving While Ability Impaired by the Combined Influence of Drugs or of Alcohol and any Drug or Drugs. VTL § 1192 (4-a) states as follows: " No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the combined influence of drugs or of alcohol and any drug or drugs." The uniform traffic information [*3]charging the defendant with a violation of VTL § 1192 (4-a) is accompanied by the same standard fill in the blanks supporting deposition of the officer and the supporting deposition of the civilian witness. The discussion regarding the lack of reasonable cause as it applied to VTL § 1192 (4) is relevant to the accusatory instruments charging the defendant with a violation of VTL § 1192 (4-a) . Thus for the same reasons the latter information fails to provide the necessary reasonable cause as required by CPL § 100.40 (1) (b). Nor does the information charging the defendant with a violation of VTL 1192 (4-a) set out non-hearsay allegations establishing, if true, every element of the charge as required by CPL 100.40 (1) ( c). The elements that establish the offense of driving while impaired by a combination of drugs and/or alcohol are as follows: Identification of the defendant; Operation; Motor vehicle; Roadway as listed in VTL § 1192 (7); Simultaneous operation and impairment; Impaired by the combined influence of drugs or of alcohol and any drugs or drugs. In addition the consumption of the drugs and/or alcohol must be voluntary.[FN2]
There are no non-hearsay allegations in either of the supporting depositions that allege the defendant was under the combined influence of drugs and/or alcohol. Thus the information charging the defendant with violating VTL § 1192 (4-a) must be dismissed as being insufficient on its face pursuant to CPL §§ 170.30 (1) (a) and 170.35 (1) (a)

Conclusion.

The informations charging the defendant with driving while impaired by drugs, VTL § 1192 (4) and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, VTL 1192 (4-a) are hereby dismissed as being insufficient on their face. 
This constitutes the decision and order of this court.
Dated: December 19, 2025Webster, New YorkHon. Thomas J. DiSalvoWebster Town Justice

Footnotes

Footnote 1:(Id. at *3)

Footnote 2:(See Gerstenzang, Handling the DWI Case in New York, § 10:3, at 332 [2025-2026 ed])